285 So.2d 670 (1973)
Charles Henry SUMMIT, Appellant,
v.
The STATE of Florida, Appellee.
No. 72-1316.
District Court of Appeal of Florida, Third District.
October 2, 1973.
Rehearing Denied December 7, 1973.
Henry E. Coleman, Key West, for appellant.
Robert L. Shevin, Atty. Gen., and Joel D. Rosenblatt, Miami, for appellee.
Before BARKDULL, C.J., and CHARLES CARROLL and HAVERFIELD, JJ.
PER CURIAM.
Defendant-appellant was informed against, tried by jury, convicted, and sentenced to ten (10) years imprisonment for lewd and lascivious conduct upon a female child under the age of fourteen (14) [Fla. Stat. § 800.04, F.S.A.].
On appeal one of appellant's contentions is that the trial court erred in admitting into evidence testimony concerning prior sexual offenses with the victim and the victim's sister. We cannot agree.
We find Ross v. State, Fla.App. 1959, 112 So.2d 69 to be controlling. In Ross, this Court, citing Talley v. State, 160 Fla. 593, 36 So.2d 201 and Williams v. State, Fla. 1959, 110 So.2d 654, held that in a prosecution for assault in a lewd and lascivious manner upon a girl under 14 years of age, evidence of similar conduct toward another young girl on a continuing series of occasions, was relevant and admissible to show character of the deed as to motive, intent, and absence of mistake.
Turning to the case sub judice, we find the testimony of the victim and her sister regarding prior similar conduct on the part of the defendant with them to show the character of the deed as to motive and intent to be relevant and admissible. Therefore, we hold the trial court to be correct in denying defendant's motion for mistrial on the grounds that the above testimony was admitted improperly.
*671 On appeal, defendant-appellant additionally argues that the evidence was insufficient to support the conviction. We disagree.
Upon a review of the evidence, we conclude that it was sufficient to support the judgment. See Giuliano v. State, Fla. 1950, 46 So.2d 182.
We also have considered appellant's remaining points on appeal and find them to be without merit.
Accordingly, the judgment appealed must be and hereby is affirmed.
Affirmed.