394 So.2d 231 (1981)
Ernest Eugene GIBBS, Appellant,
v.
STATE of Florida, Appellee.
No. OO-211.
District Court of Appeal of Florida, First District.
February 27, 1981.
Michael J. Minerva, Public Defender, and Harold W. Long, Jr., Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen. and Doris Jenkins, Asst. Atty. Gen., for appellee.
LARRY G. SMITH, Judge.
Upon review of appellant Gibbs' conviction of lewd, lascivious or indecent assault or act upon or in the presence of a child, we reject appellant's contention that the trial court reversibly erred in allowing testimony from the victim that appellant had committed similar sex acts upon her in the past. However, we find the trial court erred in refusing to instruct the jury on the penalties for the crimes of which he was subject to conviction.
The prosecuting attorney asked the victim, appellant's stepdaughter, whether appellant had on prior occasions required her to perform the same oral-genital sex act as the one on July 28, 1978, for which appellant was being tried. Appellant's objection and motion for mistrial, which followed the stepdaughter's affirmative answer, was denied. She further testified that the same acts had been committed on about fifteen prior occasions, dating back to 1976, and that when she had reported this to her *232 mother, her mother got mad. The State also presented the testimony of a family social worker, who stated that the stepdaughter told her that appellant had sexually molested her.
This court's recent decision in Cotita v. State, 381 So.2d 1146 (Fla. 1st DCA 1980), certiorari denied 392 So.2d 1373 (Fla. 1981), is dispositive of the first issue. The Cotita case held that evidence of prior, similar sex acts both with the minor victim, as well as with other neighborhood children, was admissible evidence, and not in violation of the rule of Williams v. State, 110 So.2d 654 (Fla. 1959) and its progeny. No useful purpose would be served here by repetition of the arguments for and against admissibility, or discussion of the numerous cases and authorities bearing on the subject. All this has been admirably accomplished in the majority, as well as the dissenting opinion in Cotita. We observe, however, that the evidence in the case at bar, since it deals only with similar sex acts against the victim in the case being tried, is far less subject to objection than evidence of similar acts against other victims. See particularly, references to Professor Julius Stone's comments regarding this distinction (Cotita, dissenting opinion), in which Stone pointed out that prior sex acts against the same victim show defendant's "lust toward the girl with whose rape he is charged, only one step removed from the main issue, namely whether he indulged that lust." Stone found a "world of difference" between that evidence and evidence that defendant raped other girls at other times.
"Relevancy indicates relationship between facts. The existence of fact A is relevant as tending in reason to prove the existence of fact B, if the existence of B is more likely or probable when A exists than it would be if A did not exist; and evidence tending in reason to prove the existence of A is relevant evidence of the existence of B." Morgan, Basic Problems of Evidence, Vol. One (June, 1961), Chapter Six, Relevancy, p. 183. The existence of a lustful attitude toward his stepdaughter, proven by prior sexual assaults, makes it more likely or probable that the appellant possessed a similar state of mind toward his stepdaughter on the date of the alleged offense. This is relevancy beyond mere propensity. Compare Florida Evidence Code, § 90.404(2) Florida Statutes (1979), "Other Crimes, Wrongs, or Acts."
Without further belaboring the point, we think there is ample precedent for admissibility, in this case, of evidence of the prior sex acts committed by appellant against his stepdaughter, and that our holding in this case does not conflict with Knox v. State, 361 So.2d 799 (Fla. 1st DCA 1978), which we consider to be distinguishable, as did the majority in Cotita, supra.
The second point on appeal, the contention that the court erred in refusing jury instructions on the penalties for the crimes he could have been found guilty of, has been decided by the Florida Supreme Court in Tascano v. State, 393 So.2d 540, 1980 FLW 283, Opinion filed June 5, 1980. The court held that Rule 3.390, Florida Rules of Criminal Procedure is mandatory; and that the trial court's failure to instruct on penalties is grounds for reversal.[1]
In view of the lack of finality of Tascano v. State, we certify the question to the Supreme Court of Florida as one of great public importance under Rule 9.030(a)(2)(A)(v), Florida Rules of Appellate Procedure.
REVERSED and REMANDED for new trial.
ROBERT P. SMITH and WENTWORTH, JJ., concur.
NOTES
[1] The Supreme Court's decision in Tascano v. State quashed the decision of the First District Court of Appeal reported at 363 So.2d 405 (Fla. 1st DCA 1980). However, at this writing, Tascano remains pending in the Supreme Court of Florida on motion for rehearing.