538 So.2d 66 (1989)
Joseph Daryl SMITH, Appellant,
v.
STATE of Florida, Appellee.
No. 87-1820.
District Court of Appeal of Florida, First District.
January 27, 1989.
*67 Michael E. Allen, Public Defender, and David A. Davis, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., and Elizabeth C. Masters and Bradford L. Thomas, Asst. Attys. Gen., Tallahassee, for appellee.
ZEHMER, Judge.
In this child abuse case we review the admissibility of testimony proving prior sexual acts by the defendant Smith upon the victim, his adopted daughter, and the admissibility of prior consistent statements made by the victim in the form of notes to her girlfriend and to her mother. We affirm on both issues.
Defendant Smith was charged with three first degree felony counts of sexual battery upon a child in violation of section 794.041(2)(b), Florida Statutes, and two second degree felony counts of lewd, lascivious, or indecent acts on a child in violation of section 800.04, Florida Statutes. Upon jury trial, Smith was found guilty on all counts and sentenced to nine years' imprisonment on each count, to be served concurrently.
Prior to trial the state filed a notice of intent to introduce evidence of uncharged misconduct by the defendant. The motion stated that similar fact evidence of other crimes, wrongs, or acts committed by the defendant would be introduced at trial to show that a course of conduct between defendant and his adopted daughter began when she was eleven years old; that the conduct included various types of sexual battery culminating in vaginal intercourse with the victim; that although the victim could not cite specific dates, she could testify in general about the type of conduct that occurred; and that the victim never reported these incidents because, having witnessed appellant beating her mother in the past, she feared that appellant would beat her and her mother.
At trial the victim testified as to her father's physical abuse of her mother, her fear of her father, and her father's sexual abuse of her generally, beginning when she was twelve. The victim testified that she did not want her mother to know about her father's acts because she was afraid.
Evidence of prior, similar sex acts with a minor victim is admissible, where the relevancy test is met, to show a pattern of conduct. Section 90.404(2), Fla. Stat. (1987); Gibbs v. State, 394 So.2d 231 (Fla. 1st DCA), aff'd 406 So.2d 1113 (Fla. 1981). Appellant here argues that the rule applies only where the testimony is from a witness other than the victim. We do not agree. Evidence that deals only with similar sex acts against the victim in the case being tried is far less subject to objection than evidence of similar acts against other victims. 394 So.2d at 232.
The evidence in the case also meets the standard in Heuring: "The charged and collateral offenses must be not only strikingly similar, but they must also share some unique characteristic or combination of characteristics which sets them apart from other offenses." Heuring v. State, 513 So.2d 122, 124 (Fla. 1987). In Heuring, the supreme court held that the strict relevancy test was met where evidence was admitted of Heuring's sexual battery of his daughter twenty years prior to his sexual battery of his stepdaughter, the crime with which Heuring was charged. The case was remanded for a new trial based on improper impeachment of Heuring by questions regarding molestations of five other children not at issue in the case. 513 So.2d at *68 125. On balance, we conclude that here the probative value of the objected-to evidence outweighed the prejudice to the defendant.
Smith next contends that the court below erred in admitting notes that the victim wrote to her girlfriend at school and, three to four weeks later, to her mother. The state concedes that the notes are prior consistent statements by the victim, but argues that they are admissible because Smith alleged improper influence on the victim by the state and others that occurred after the victim's original contact with the prosecutor and the Child Protection Team. Such statements are admissible as nonhearsay where, as here, the declarant is present at trial, the declarant is subject to cross-examination, and the statements are consistent with the declarant's testimony and are offered to rebut an express or implied charge against the declarant of improper influence, motive, or recent fabrication. Section 90.801(2)(b), Fla. Stat. (1987). We find on the record an implied charge by Smith that the victim was improperly influenced by her mother and the state to bring charges against her father, and that this influence created in her a motive to lie. For example, in cross-examination of the victim, counsel for Smith asks:
Q. How many times have you talked to your mother about this alleged abuse and the incidents since all of this started when you gave her that note?
A. I talked to her the same day I gave her the note, before we went to the sheriff's office... .
Q. How many times have you talked to Mr. Moran and the other people in the state attorney's office about this case?
A. At lease (sic) twice in their office.
Q. And the people from HRS and Child Protection?
A. Talked to all them about eleven... . .
Q. Did your mother help your memory about what was supposedly said that day four years ago?
A. A little bit.
Q. Did you she tell what what (sic) was supposedly said back then?
A. No.
R. 112-13. See also R. 109-10. The implication of improper influence based on facts that occurred after the victim first wrote the notes satisfies the evidentiary rule. Section 90.801(2)(b), Fla. Stat. (1987); Jackson v. State, 498 So.2d 906 (Fla. 1986) ("[t]he exception involving impeachment by bias or corruption or improper motive is only applicable where the prior consistent statement was made `prior to the existence of a fact said to indicate bias, interest, corruption, or other motive to falsify.'" 498 So.2d at 910, quoting McElveen v. State, 415 So.2d 746, 748 (Fla. 1st DCA 1982).
AFFIRMED.
ERVIN and WENTWORTH, JJ., concur.