541 So.2d 733 (1989)
Bobby Joe SAMPSON, Appellant,
v.
STATE of Florida, Appellee.
No. 88-379.
District Court of Appeal of Florida, First District.
April 7, 1989.
*734 Michael E. Allen, Public Defender, David A. Davis, Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., Bradley R. Bischoff, Asst. Atty. Gen., for appellee.
WENTWORTH, Judge.
Appellant seeks review of judgments of conviction and sentences for two counts of sexual battery upon a child under the age of twelve, and two counts of lewd and lascivious assault upon a child under the age of sixteen. We find that evidence of prior similar acts was properly admitted, and that it was appropriate to allow one of the victims to testify by closed circuit television. We also find that the evidentiary admission of certain out-of-court statements by one of the victims does not require reversal. We therefore affirm the orders appealed.
Appellant was charged with committing a sexual battery and a lewd and lascivious assault upon both his stepdaughter and her friend who was visiting overnight. During the course of the evening appellant was discovered by his wife in the stepdaughter's bedroom in a compromising position. The stepdaughter and her friend each testified as to the details of the offenses committed against them, with the stepdaughter's testimony presented by closed circuit television. The stepdaughter also described other prior instances of sexual contact by appellant.
Evidence was presented as to statements appellant made to law enforcement personnel. In these statements appellant initially explained that he had entered his stepdaughter's bedroom for an innocent purpose and thereafter was unwillingly placed in a compromising position. However, appellant subsequently admitted certain details of the charged offenses, as well as prior acts against his stepdaughter.
Medical personnel and a Child Protection Team worker testified as to their encounters with the victims after the charged offenses. The victims' descriptions of the offenses to these witnesses substantially accorded with their testimony at trial, and physical examinations revealed conditions consistent with the described occurrences. The witnesses were allowed to testify as to the victims' descriptions of the incidents, including the prior acts against appellant's stepdaughter.
Although the circumstances provide sufficient safeguards of reliability as to the challenged out-of-court statements made by appellant's stepdaughter, the court did not make the necessary findings for such testimony to be admissible under section 90.803(23), Florida Statutes. Statements *735 which were made for the purpose of medical diagnosis or treatment were nevertheless admissible under section 90.803(4), Florida Statutes. And both these and the remainder of the challenged statements were merely cumulative evidence, generally reiterating the substance of testimony which the victims presented to the jury. In the context of this case the court's failure to comply with the procedural requirements of section 90.803(23) was harmless. See Cook v. State, 531 So.2d 1369 (Fla. 1st DCA 1988); Salter v. State, 500 So.2d 184 (Fla. 1st DCA 1986).
The evidence of prior similar acts by appellant against his stepdaughter was properly admitted pursuant to section 90.404(2)(a), Florida Statutes. Such evidence has been allowed in other instances of sexual offenses against children, often upon a theory that it establishes a specialized "pattern of criminality." See e.g., Cotita v. State, 381 So.2d 1146 (Fla. 1980), rev. denied 392 So.2d 1373 (Fla. 1981). However, the supreme court has indicated that the "better approach" is to treat such evidence as relevant to corroborate the victim's testimony. See Heuring v. State, 513 So.2d 122 (Fla. 1987). Appellant argues that his stepdaughter should not be allowed to corroborate her own testimony in this manner. But the evidence did not serve only such a limited purpose, as it also corroborated the testimony of the other victim. And as Heuring recognizes, such evidence may be admitted when relevant to issues of intent, motive, and absence of mistake as provided in section 90.404(2)(a). Appellant explained his presence in his stepdaughter's bedroom, in a compromising position, by describing an innocent intent and motive and a mistaken assumption by his wife. Testimony as to prior similar acts was thus relevant and material as to these issues, and properly received into evidence.
In allowing appellant's stepdaughter to testify by closed circuit television outside of appellant's physical presence the court complied with the requirements of section 92.54(1), Florida Statutes, and made the necessary findings regarding emotional or mental harm to the stepdaughter. This procedure does not offend appellant's constitutional right of confrontation. See Glendening v. State, 536 So.2d 212 (Fla. 1988); Chambers v. State, 504 So.2d 476 (Fla. 1st DCA 1987). Appellant was permitted to observe his stepdaughter's testimony, was able to communicate with counsel, and was afforded the opportunity for full and effective cross-examination. While appellant was not allowed a direct face-to-face confrontation with his stepdaughter, there is a compelling social interest in sparing such victims of sexual crimes from further trauma. See Glendening; Chambers. Unlike the procedure which the United States Supreme Court rejected in Coy v. Iowa, ___ U.S. ___, 108 S.Ct. 2798, 101 L.Ed.2d 857 (1988), the present case involves individualized findings as to the necessity for protecting the particular witness. The concurring opinion in Coy expressly cited section 92.54, Florida Statutes, as an example of an appropriate procedure for effectuating society's interest in protecting child witnesses. The court fully complied with the requirements of section 92.54 in the present case, and appellant's stepdaughter was properly allowed to testify by closed circuit television.
The orders appealed are affirmed.
THOMPSON and WIGGINTON, JJ., concur.