551 So.2d 1259 (1989)
Elvia PADGETT, Appellant,
v.
STATE of Florida, Appellee.
No. 88-1786.
District Court of Appeal of Florida, Fifth District.
November 9, 1989.
Marvin S. Davis, Sanford, for appellant.
Norman R. Wolfinger, State Atty., and Jeffrey D. Deen, Asst. State Atty., Sanford, for appellee.
PER CURIAM.
Elvia Padgett appeals from his judgment and sentences for two counts of soliciting sexual activity with a child (his sixteen year old daughter) and one count of aggravated child abuse. We find no merit in the appellant's point on appeal regarding the trial court's application of Florida's rape victim shield statute[1] to exclude evidence of the victim's prior sexual conduct. The point with which we are concerned is the appellant's claim that it was error for the trial court to admit "similar fact" evidence over defense objection because prior incidents of his sexual misconduct with the victim and with his stepson were irrelevant and offered by the State solely to show his bad character and propensity, contrary to section 90.404, Florida Statutes (1987). Section 90.404, which codified the holding in Williams v. State, 110 So.2d 654 (Fla. 1959), *1260 cert. denied, 361 U.S. 847, 80 S.Ct. 102, 4 L.Ed.2d 86 (1959) provides:
(2) OTHER CRIMES, WRONGS, OR ACTS. 
(a) Similar fact evidence of other crimes, wrongs, or acts is admissible when relevant to prove a material fact in issue, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, but it is inadmissible when the evidence is relevant solely to prove bad character or propensity. [Emphasis added].
The defense objected at trial, and urges on appeal, that the prior incidents involving both children should have been excluded because of remoteness, but we agree with the State that this contention is refuted by Heuring v. State, 513 So.2d 122 (Fla. 1987), wherein the Florida Supreme Court upheld the admission of similar fact evidence even though there was an approximate 20-year time differential between the charged and collateral offenses.
The victim testified that on the day in question her father solicited sexual intercourse with her on two occasions, first while they were driving in his truck, then later while they were alone together in the family home. The victim was also allowed to testify as to several prior incidents of sexual encounters with the defendant, which occurred both in the home and in a motor van. These incidents began in 1982, some five years prior to the instant offenses, which were alleged to have occurred on November 21, 1987.
In Heuring the Florida Supreme Court expanded the Williams rule so that evidence of a collateral offense upon another family member may be admissible in those cases involving sexual battery committed within a familial context for the sole purpose of corroboration of the victim's testimony. In Heuring the court stated:
The victim knows the perpetrator, e.g., a parent, and identity is not an issue. The victim is typically the sole eye witness and corroborative evidence is scant. Credibility becomes the focal issue. In such cases, some courts have in effect relaxed the strict standard normally applicable to similar fact evidence. These courts have allowed evidence of a parent's sexual battery on another family member as relevant to modus operandi, scheme, plan, or design, even though the distinction between sexual design and sexual disposition is often tenuous. We find that the better approach treats similar fact evidence as simply relevant to corroborate the victim's testimony, and recognize that in such cases the evidence's probative value outweighs its prejudicial effect.
Heuring at 124-125.
The stepson's testimony as to a sexual assault on him is clearly admissible under Heuring to corroborate the victim's testimony. See also Beasley v. State, 503 So.2d 1347 (Fla. 5th DCA 1987), approved, 518 So.2d 917 (Fla. 1988). The more difficult question involves the admissibility of the victim's testimony. This testimony as to prior, uncharged sexual assaults by the defendant was not admissible to corroborate her own testimony because corroboration should come from an independent source. Nevertheless, we believe the testimony was admissible under rules of evidence established prior to Heuring and confirmed subsequent to it. We do not agree, as urged by the dissent, that Heuring was intended to limit the use of similar fact evidence in child assault cases.
Prior to Heuring case law existed in this state holding that evidence of prior similar sex acts committed by the accused against the same victim was admissible. See, e.g., Gibbs v. State, 394 So.2d 231 (Fla. 1st DCA), affirmed, 406 So.2d 1113 (Fla. 1981) (admissible as showing "lustful" state of mind toward stepdaughter); Whiteman v. State, 343 So.2d 1340 (Fla. 2d DCA), cert. denied, 353 So.2d 681 (Fla. 1977) (admissible in prosecution under section 794.011 as relevant to manner in which defendant exercised his parental authority over victim); Summit v. State, 285 So.2d 670 (Fla. 3d DCA 1973) (admissible to show character of the defendant as to motive and intent). In Gibbs the First District explained:
We observe, however, that the evidence in the case at bar, since it deals only with *1261 similar sex acts against the victim in the case being tried, is far less subject to objection than evidence of similar acts against other victims. See particularly, references to Professor Julius Stone's comments regarding this distinction (Cotita,[[2]] dissenting opinion), in which Stone pointed out that prior sex acts against the same victim show defendant's "lust toward the girl with whose rape he is charged, only one step removed from the main issue, namely whether he indulged that lust." Stone found a "world of difference" between that evidence that defendant raped other girls at other times. "Relevancy indicates relationship between facts. The existence of fact A is relevant as tending in reason to prove the existence of fact B, if the existence of B is more likely or probable when A exists than it would be if A did not exist; and evidence tending in reason to prove the existence of A is relevant evidence of the existence of B." Morgan, Basic Problems of Evidence, Vol. One (June, 1961), Chapter Six, Relevancy, p. 183. The existence of a lustful attitude toward his stepdaughter, proven by prior sexual assaults, makes it more likely or probable that the appellant possessed a similar state of mind toward his stepdaughter on the date of the alleged offense. This is relevancy beyond mere propensity. Compare Florida Evidence Code, § 90.404(2) Florida Statutes (1979), "Other Crimes, Wrongs, or Acts."
394 So.2d at 232.
Professor McCormick likewise states that proof of other sex crimes has been traditionally deemed admissible in prosecutions involving the same parties. McCormick on Evidence § 490, p. 560 (3d ed. 1984).
Since Heuring, the First District has reaffirmed that such evidence is admissible to show a pattern of conduct. See Smith v. State, 538 So.2d 66 (Fla. 1st DCA 1989). It would be ironic indeed if Heuring, which seems to have expanded the rule of admissibility should now be employed as a rule of exclusion to bar admission of evidence which was previously deemed relevant and thus admissible in this state and indeed has traditionally been recognized as less objectionable than "other victim" testimony.
In Sampson v. State, 541 So.2d 733 (Fla. 1st DCA 1989), although questioning whether the victim's testimony as to prior sexual attacks by the defendant was admissible to corroborate her testimony as to the charged offense, the court nonetheless held the evidence to be admissible as relevant to the issues of intent, motive and absence of mistake. The case stands for the proposition, therefore, that even if not admissible for corroboration, the evidence may be relevant and thus admissible for some other purpose, and refutes the position of the dissent here that if the evidence is not admissible for corroboration, then its only purpose is to show the defendant's propensity to commit the crime.
The dissent maintains that Gibbs v. State, 394 So.2d 231 (Fla. 1st DCA 1981), affirmed, 406 So.2d 1113 (Fla. 1981) does not provide a ground for admission because it was overruled by Coler v. State, 418 So.2d 238 (Fla. 1982), cert. denied, 459 U.S. 1127, 103 S.Ct. 763, 74 L.Ed.2d 978 (1983).
In Coler, defendant was convicted of three counts of rape of a child under eleven years and one count of sexual battery of a child eleven years or younger. Each count concerned a separate episode of sexual battery committed on defendant's daughter between 1972 and 1977. The state:
[i]n addition to the testimony of the children concerning the four specific incidents of sexual battery ... introduced testimony from the children, over objection, of other examples of Coler's deviant sexual behavior. They testified that Coler had the children watch from the doorway as he fondled a woman, that he told them that they or the neighborhood children *1262 could use his bed for sexual intercourse, that he told one of his sons to have sex with three women he brought home, and that on a visit to Michigan he made the children eat a cucumber which, just prior thereto, he had inserted into the daughter's rectum.
418 So.2d at 239.
The court found that none of this testimony was relevant to prove a material issue in the case and was only designed to prove the defendant's bad character. Id. The court declared:
To be relevant, evidence must prove or tend to prove a fact in issue. The state argues that the objected-to evidence proves Coler's state of mind. Coler's state of mind, however, was not an issue. State of mind is not a material fact in a sexual battery charge, nor is intent an issue. Cf. Askew v. State, 118 So.2d 219 (Fla. 1960) (specific intent is not the essence of the crime of rape). In this instance the state overstepped the threshold of responsible prosecution with the introduction of this loathsome and despicable testimony. We cannot say it did not affect the jury's verdict. [Footnote omitted].
The Coler majority does not refer to Gibbs, Whiteman v. State, 343 So.2d 1340 (Fla. 2d DCA), cert. denied, 353 So.2d 681 (Fla. 1977) or Summit v. State, 285 So.2d 670 (Fla. 3d DCA 1973).
While Gibbs and Coler contain language which on the surface, appears to conflict, the nature of the other crimes evidence is different and the cases are thus distinguishable. Coler involved evidence of the defendant's deviant sexual practices and behavior which were completely dissimilar to the charged crimes and thus were found to have been introduced solely to show his propensity to engage in sexual misconduct. In this case however, as in Gibbs, the evidence was of prior similar sexual assaults by the defendant against the victim, designed to show the existence of a particular relationship between the defendant and this victim, and the fact that the charged crime was not an isolated incident. Such a showing, whether it ultimately be labelled as reflecting a particular state of mind, see Gibbs, or establishing a pattern of conduct, see Smith v. State, 538 So.2d 66 (Fla. 1st DCA 1989), is relevance beyond simple propensity where the defendant denies committing the charged sexual assault against the victim. We conclude, therefore, that Coler did not overrule Gibbs.
Nevertheless, because of the confusion still generated by apparently conflicting decisions, and because we deem it to be of great public importance, we certify to the Supreme Court of Florida the following question:
IS A CHILD VICTIM'S TESTIMONY AS TO PRIOR SIMILAR SEXUAL ACTS COMMITTED AGAINST HER BY THE ACCUSED, A PERSON IN FAMILIAL AUTHORITY, ADMISSIBLE IN LIGHT OF THE HOLDING IN HEURING v. STATE, 513 So.2d 122 (FLA. 1987)?
AFFIRMED; QUESTION CERTIFIED.
DANIEL, C.J., and ORFINGER, M., Judge, Retired, concur.
COBB, J., dissents with opinion.
COBB, Judge, dissenting.
The Williams rule[1] in regard to the admissibility of similar fact evidence has always required a strict standard of relevance, i.e., the charged offense and the collateral offense must be "strikingly similar." See Heuring v. State, 513 So.2d 122, 124 (Fla. 1987). The Florida Supreme Court expanded the Williams rule in Heuring so that evidence of a collateral offense may be admissible in those cases involving sexual battery committed within a familial context, for the sole purpose of corroborating the victim's testimony, even though the other issues suggested in Williams are not present. In Heuring the court stated:

*1263 The victim knows the perpetrator, e.g., a parent, and identity is not an issue. The victim is typically the sole eye witness and corroborative evidence is scant. Credibility becomes the focal issue. In such cases, some courts have in effect relaxed the strict standard normally applicable to similar fact evidence. These courts have allowed evidence of a parent's sexual battery on another family member as relevant to modus operandi, scheme, plan, or design, even though the distinction between sexual design and sexual disposition is often tenuous. We find that the better approach treats similar fact evidence as simply relevant to corroborate the victim's testimony, and recognize that in such cases the evidence's probative value outweighs its prejudicial effect.
Heuring at 124-125.[2]
In the instant case, the trial court admitted the testimony from the victim as to collateral offenses solely for the purpose of corroborating her own testimony in regard to the alleged sexual solicitations on November 21, 1987. There was no issue relating to identity, motive, opportunity, preparation, plan, or mistake. The defendant objected to the victim's testimony in regard to incidents of prior sexual abuse by her father on the basis of relevancy. Those incidents, if properly established, would have been admissible for the purpose of corroborating the victim's testimony in regard to the charged offenses of solicitation.
The problem is that those incidents cannot be established by the state through the victim's testimony, for the simple reason that she cannot corroborate herself. Cf. Sampson v. State, 541 So.2d 733 (Fla. 1st DCA 1989) (one victim's testimony may corroborate that of another victim). Corroboration, by definition, must come from an independent source. A witness's credibility in regard to Fact A is not corroborated by allowing that same witness to testify that Fact B occurred, even if Facts A and B are similar, or even identical, in nature. The witness, if lying about Fact A, may just as well be lying about Fact B. The victim's testimony, therefore, was not relevant for purposes of corroboration.
In regard to the issue of the admissibility of testimony by the victim of prior sexual acts committed against her by the defendant, the First District addressed this problem in Gibbs v. State, 394 So.2d 231 (Fla. 1st DCA 1981). It held, in accordance with its prior opinion in Cotita, that a minor victim's testimony of prior sex acts committed against her by her stepfather was admissible because it showed the defendant's "lustful attitude" toward his stepdaughter. This opinion was affirmed on appeal by the Florida Supreme Court in State v. Gibbs, 406 So.2d 1113 (Fla. 1981). This action by the Florida Supreme Court is the primary basis for the majority's affirmance in the instant case.
If Gibbs were the last word on the subject from the Florida Supreme Court, I would concur with the majority  despite the fact that the 1981 affirmance by the supreme court did not discuss the issue of victim testimony and merely cited to the case of Murray v. State, 403 So.2d 417 (Fla. 1981), which was relevant only to the second issue in Gibbs relating to jury instructions on the penalties for crimes, the so-called Tascano issue. See Tascano v. State, 393 So.2d 540 (Fla. 1980).
But Gibbs was not the last word. The very next year, the Florida Supreme Court expressly held that a defendant's state of mind is not a material fact in a sexual battery charge. Coler v. State, 418 So.2d 238, 239 (Fla. 1982), cert. denied, 459 U.S. 1127, 103 S.Ct. 763, 74 L.Ed.2d 978 (1983). A defendant's "lustful attitude" is simply his state of mind, as expressly acknowledged by the majority opinion written by *1264 Judge Larry G. Smith in the First District's Gibbs opinion.[3] The Gibbs affirmance by the Florida Supreme Court and its subsequent opinion in Coler are irreconcilable, and can be explained only by the conclusion that the instruction issue alone, not the evidentiary issue, was considered by the court in its 1981 opinion, as indicated by its reliance on Murray. In any event, Coler is subsequent in point of time to Gibbs, and therefore supersedes it.
Subsequent to Coler and Gibbs, the Florida Supreme Court has repeatedly refused to recede from the Williams proscription against propensity evidence in sexual abuse cases. See, e.g., Heuring; Thompson v. State, 494 So.2d 203 (Fla. 1986); Peek v. State, 488 So.2d 52 (Fla. 1986).[4] If a victim's testimony in regard to prior sexual assaults is not admissible for purposes of self-corroboration, then the only purpose of that testimony is to show the defendant's propensity to commit the crime. Such euphemistic phrases as "pattern of criminality" and "lustful attitude toward [the victim]" cannot logically conceal that purpose.
I agree with certification to the Florida Supreme Court of the issue of the admissibility in sexual battery cases of the victim's testimony in regard to other uncharged offenses purportedly committed by the defendant against the victim.
Accordingly, I dissent.
NOTES
[1] See § 794.022, Fla. Stat. (1987).
[2] Cotita v. State, 381 So.2d 1146 (Fla. 1st DCA 1980), review denied, 392 So.2d 1373 (Fla. 1981). Indeed, in his dissent in Cotita, Judge Smith cited at footnote 10 Underhill's Criminal Evidence, section 212 as stating "[N]early all courts permit evidence of other sex offenses which involve the same person as the offense on trial, the theory being that the evidence shows the defendant's lustful attitude toward that person." 381 So.2d at 1153.
[1] See Williams v. State, 110 So.2d 654 (Fla. 1959), cert. denied, 361 U.S. 847, 80 S.Ct. 102, 4 L.Ed.2d 86 (1959).
[2] Although Williams listed "pattern of criminality" as a separate factor constituting a basis for admissibility, I agree with Professor Ehrhardt's observation that the Florida Supreme Court apparently rejected this factor in Heuring. See Ehrhardt, Florida Evidence § 404.16a, at 49 (2d ed. Supp. 1989). Cf. Beasley v. State, 503 So.2d 1347 (Fla. 5th DCA 1987) (Cobb, J., dissenting), approved, 518 So.2d 917 (Fla. 1988); Cotita v. State, 381 So.2d 1146 (Fla. 1st DCA 1980) (Smith, J., dissenting), review denied, 392 So.2d 1373 (Fla. 1981).
[3] "The existence of a lustful attitude toward his stepdaughter, proven by prior sexual assaults, makes it more likely or probable that the appellant possessed a similar state of mind toward his stepdaughter on the date of the alleged offenses." Gibbs at 232.
[4] See also State v. Rush, 399 So.2d 527 (Fla. 2d DCA 1981); Knox v. State, 361 So.2d 799 (Fla. 1st DCA 1978), cert. denied, 368 So.2d 1373 (Fla. 1979); Banks v. State, 298 So.2d 543 (Fla. 1st DCA 1974), cert. denied, 308 So.2d 538 (Fla. 1975); Duncan v. State, 291 So.2d 241 (Fla. 2d DCA), cert. denied, 297 So.2d 833 (Fla. 1974); Harris v. State, 183 So.2d 291 (Fla. 2d DCA 1966); Hooper v. State, 115 So.2d 769 (Fla. 3d DCA 1959).