764 So.2d 893 (2000)
George Donnie KIMBRELL, Appellant,
v.
STATE of Florida, Appellee.
No. 4D99-3319.
District Court of Appeal of Florida, Fourth District.
August 9, 2000.
Richard L. Jorandby, Public Defender, and Margaret Good-Earnest, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Claudine M. LaFrance, Assistant Attorney General, West Palm Beach, for appellee.
STONE, J.
We affirm Appellant's conviction and sentence for sexual battery upon a child under the age of twelve. Appellant raises as an evidentiary error the admission of Williams rule[1] evidence, contending that the trial court erred in allowing testimony from the victim that Appellant had committed similar sex acts upon her in the past. We find no error in the admission of this evidence.
At trial, the victim testified that while her mother was at the store, her stepfather called her into his bedroom, pulled her into his bed, and stuck his penis into her vagina. The victim was also allowed to testify as to prior incidents of sexual encounters with Appellant, which occurred while her mother was away from the home. Appellant claims that this self-corroborating testimony was admitted in violation of Heuring v. State, 513 So.2d 122 (Fla.1987), and Saffor v. State, 660 So.2d 668 (Fla.1995). We disagree.
Section 90.404(2), Florida Statutes, provides that collateral crimes evidence may be admitted when relevant to prove a material fact in issue such as motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, but is inadmissible when relevant solely to prove propensity. See also Williams, 110 So.2d 654. We note that in Heuring, the supreme court determined that evidence of a collateral sex offense against another child in a familial setting is admissible to corroborate the testimony of the victim. See Heuring, 513 So.2d at 124-25. While evidence of sexual battery in a familial context frequently involves similar sex acts committed by the defendant against other victims, this court has recognized the admissibility of evidence of prior similar acts against the same victim, notwithstanding that it may be considered self-corroborating. See Toussaint v. State, 755 So.2d 170 (Fla. 4th DCA 2000). Such evidence has *894 been permitted to show intent, preparation, plan, relationship between the victim and the offender, and existence of lustful state of mind toward the victim. See, e.g., State v. Paille, 601 So.2d 1321 (Fla. 2d DCA 1992); Lazarowicz v. State, 561 So.2d 392 (Fla. 3d DCA 1990); Smith v. State, 538 So.2d 66 (Fla. 1st DCA 1989); Gibbs v. State, 394 So.2d 231 (Fla. 1st DCA 1981).
In Padgett v. State, 551 So.2d 1259 (Fla. 5th DCA 1989), the victim testified that her father solicited sexual intercourse with her while they were driving in his truck and then later while they were alone together in the family home. The victim also testified as to several prior incidents of sexual encounters with the defendant, which occurred both in the home and in the motor van. In reviewing the admissibility of the victim's testimony, the Fifth District recognized that "testimony as to prior, uncharged sexual assaults by the defendant was not admissible to corroborate her own testimony because corroboration should come from an independent source." Padgett, 551 So.2d at 1260. The court, nonetheless, concluded that the evidence was admissible to show both the existence of a particular relationship between the defendant and the victim and the fact that the charged crime was not an isolated incident. See id. at 1262.
Similarly, in Sampson v. State, 541 So.2d 733 (Fla. 1st DCA 1989), the victim testified as to the details of the offenses committed against her and also described other prior instances of sexual contact by the defendant. The First District, while questioning whether the victim's testimony as to prior sexual attacks by the defendant was admissible to corroborate her testimony as to the charged offense, nonetheless held that the evidence was admissible to show intent, motive, and absence of mistake. See id. at 735.
We agree that here, the victim's testimony as to prior similar acts committed against her by Appellant was not admissible to corroborate the victim's testimony. Nevertheless, such testimony was admissible to show opportunity, preparation, and plan. The testimony indicates that the sexual encounters took place after Appellant sent the victim's mother to the store, leaving the victim and her younger sister alone with Appellant in the family home. The fact that Appellant lured the victim into his bedroom and committed the act each time, only after the victim's mother was sent away from the home, is relevant to prove opportunity, preparation, and plan pursuant to section 90.404(2), Florida Statutes. This is relevance beyond mere propensity or corroboration.
Therefore, we affirm Appellant's conviction and sentence.
WARNER, C.J. and POLEN, J., concur.
NOTES
[1] Williams v. State, 110 So.2d 654 (Fla.1959).