791 So.2d 1114 (2000)
Robert CASTRO, Appellant,
v.
STATE of Florida, Appellee.
No. 4D99-2849.
District Court of Appeal of Florida, Fourth District.
June 14, 2000.
Opinion Denying Rehearing January 31, 2001.
Richard L. Jorandby, Public Defender, and Tatjana Ostapoff, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Robert R. Wheeler, Assistant Attorney General, West Palm Beach, for appellee.
Carey Haughwout, Public Defender, and Tatjana Ostapoff, Assistant Public Defender, West Palm Beach, for appellant on rehearing.
WARNER, C.J.
Appellant challenges, inter alia, the trial court's decision allowing the jury to hear testimony by the victim of prior similar sexual acts committed by appellant on that same victim. He claims that the self-corroborating testimony was admitted in violation of Heuring v. State, 513 So.2d 122 (Fla.1987) and Saffor v. State, 660 So.2d 668 (Fla.1995). Appellant's challenge, however, is not preserved on appeal since his argument on appeal is different from his argument below, which was based on vagueness of the victim's testimony regarding the previous acts. See Tillman v. State, 471 So.2d 32, 35 (Fla.1985); Steinhorst v. State, 412 So.2d 332, 338 (Fla. 1982). We affirm as to all other issues raised.
Affirmed.
STONE and POLEN, JJ., concur.

ON MOTION FOR REHEARING
WARNER, C.J.
On motion for rehearing, appellant claims that his counsel's objection was sufficient to raise the issue below. Appellant admits that the original objection raised was as to the vagueness of the victim's testimony. He then notes his attorney's further objection, which is in fact a request for the normal Williams[1] rule instruction. Specifically, he stated:

*1115 Any time Williams rule is introduced, there is an instruction that the Court gives to the jury so that wewe try to guard against somehow a commingling where Mr. Castro then is convicted on this Williams rule evidence that's just offered for corroboration.
And I cannot see how the Court can separate these instances sufficiently to instruct this jury toto be able to separate.
The court then agreed to give the instruction, which included the admonition that the Williams rule evidence can be used "for the limited purpose of corroborating the testimony of the witness named as victim." Appellant's counsel did not object.
It is not apparent to us that the court was cognizant of the specific objection appellant has raised in this appeal, namely, that the problem with this testimony was that it was self-corroborating. In order to preserve an issue for appeal, counsel must preserve the issue by making a specific objection to the admission of evidence on the same grounds as raised on appeal. See Tillman v. State, 471 So.2d 32, 35 (Fla.1985). Certainly, appellant's attorney never made that simple objection. The court's ruling relied on Saffor v. State, 660 So.2d 668 (Fla.1995), for the proposition that similar fact evidence of this type can be used for corroboration. The court also based its ruling on the more traditional Williams rule tests, including "very strikingly similar and unique characteristics of the similar fact evidence. Both constitute a familial situation and both constitute the same child and very similar if not exactly the same types of acts." Thus, the court felt there was a basis independent of corroboration to admit this evidence. Appellant never objected to the self-corroborating nature of the evidence.
Self-corroborating Williams rule evidence has frequently been admitted to show other aspects of the crime such as intent, preparation, plan, relationship between the victim and the offender, and the existence of a lustful state of mind toward the victim. See Kimbrell v. State, 764 So.2d 893, 893-94 (Fla. 4th DCA 2000), and cases cited therein. Indeed, in Smith v. State, 538 So.2d 66, 67 (Fla. 1st DCA 1989), the court stated that "[e]vidence that deals only with similar sex acts against the victim in the case being tried is far less subject to objection than evidence of similar acts against other victims." (Emphasis in original). From the evidence presented in this case, the court might have found that the evidence was admissible to show a pattern, i.e., that the incidents all took place when the child's mother was not at home under very similar circumstances. Had the proper objection been made, the state may well have argued to admit the evidence on those grounds, and the court would have fashioned an appropriate instruction regarding its admission. As it was, the court was not asked to rule on the same objection which appellant raises here.
We deny the motion for rehearing.
STONE and POLEN, JJ., concur.
NOTES
[1] Williams v. State, 110 So.2d 654 (Fla.1959).