849 So.2d 1107 (2003)
Kenneth P. SUTHERLAND, Appellant,
v.
STATE of Florida, Appellee.
No. 4D02-2134.
District Court of Appeal of Florida, Fourth District.
June 11, 2003.
Rehearing Denied August 8, 2003.
Carey Haughwout, Public Defender, and Joseph R. Chloupek, Assistant Public Defender, West Palm Beach, for appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Karen Finkle, Assistant Attorney General, West Palm Beach, for appellee.
FARMER, J.
The primary issue raised in this case of familial sexual battery on a child under 12 has to do with the admission of "similar acts" evidence.[1] The victim of the abuse, *1108 who was an adult by the time charges were brought, was allowed to testify to having sexual relations with defendant, the victim's former step-father, for many years after she had long passed the age of 12 and most after she reached her majority. Additionally the court admitted 28 photographs and one videotape of sexual acts between defendant and the victim, all of which (except one) occurred after she became an adult and thus were not crimes. The court also admitted evidence of later sexual relations between the adult victim and defendant in the presence of her friends. As well, the court admitted the testimony of an adult girl friend of the victim to the effect that defendant had bragged that he taught the victim every thing she knows about sex. Defendant argues that all of this similar acts evidence became the central feature of the trial and effectually supplanted the charge on trial, namely sexual battery on a child under 12 by a perpetrator over 18. He thus contends the evidence was inadmissible and that he is entitled to a new trial. We agree and reverse.
Florida's law on the admission of similar acts evidence in familial sexual battery cases was explained in Saffor v. State, 660 So.2d 668 (Fla.1995). There the court noted that it had previously relaxed the requirements for the use of similar acts evidence in familial sexual battery cases to corroborate the victim's testimony. See Heuring v. State, 513 So.2d 122 (Fla.1987). But the Saffor court made clear that the familial context alone does not authorize the admission of all other sex crimes in such prosecutions. It is still necessary to make an additional showing of sufficient similarity in order for such evidence to be admitted. 660 So.2d at 672. As the court explained in Feller v. State, 637 So.2d 911, 915 (Fla.1994), "the charged and collateral offenses must `share some unique characteristic or combination of characteristics which sets them apart from other offenses.'"
In addition to a showing of sufficient similarity, there is a general limitation on all similar acts evidence that it not be used in such a way that it becomes the central feature of the trial. Ashley v. State, 265 So.2d 685 (Fla.1972) ("We are equally committed to the proposition that the state in introducing testimony concerning similar acts committed by a defendant may not make such crimes a feature of the trial instead of an incident, so that the effect is to devolve from development of facts pertinent to the main issue of guilt or innocence into an attack on the character of the defendant."); see also Williams v. State, 117 So.2d 473, 475 (Fla.1960) (in introducing testimony concerning similar acts committed by a defendant, state may not make earlier or later offenses feature of trial instead of an incident). As the Williams court explained, the danger in making similar acts the feature of a trial is that the proceeding is transformed "from development of facts pertinent to the main issue of guilt or innocence into an assault on the character of the defendant whose character is insulated from attack unless he introduces the subject." 117 So.2d at 476.
As a theoretical matter, we understand the state's logic as to the relevancy of the fact of sexual abuse by the step-father of this same child after she passed the age of 12. The logic is that it corroborates the victim's testimony that it all began when she was younger than 12 and then proceeded from touching and fondling into full sexual intercourse with a child still under 12. The child's testimony that the man committed such acts on her when she was an 11 year-old child would tend to appear less likely to have been fabricated by the introduction of evidence that he was doing *1109 the same acts to the same child shortly after she became older than 12 years of age.[2]See Smith v. State, 538 So.2d 66, 67 (Fla. 1st DCA 1989) ("Evidence that deals only with similar sex acts against the victim in the case being tried is far less subject to objection than evidence of similar acts against other victims.").[3]
The problem here is not so much the logical concept the state had in mind but the nature and extent of this particular similar acts evidence. Most of the similar acts depicted after the victim passed the age of 12 were not sufficiently similar to the testimony of the victim as to what happened while she was under 12. Having sex on camera when she was 18 with a consenting partner of the same agewhile other persons were presentis not at all similar to the private touching and fondling described while she was 7, 8 and 9. It is not even similar to simple sexual intercourse with no one else present and no camera recording the event as described by the victim when she was that young.
Additionally, the presentation of the similar acts evidence in this case consumed more trial time and space than the evidence of the actual crime charged. We recognize that the credibility of the victim was an issue here because of the absence of any physical evidence of sexual battery while she was still under the age of 12 or any then contemporaneous statements by her tending to show that it was occurring. But conceding relevancy does not explain why the state's case for sexual battery on a child under 12 should be made up primarily of evidence of sexual relations when she was in her late teenage years and as an adult. The state has done nothing to dispel the dominancy of the similar acts over the crime charged. We thus have no alternative to reversing for a new trial.
STONE and WARNER, JJ., concur.
NOTES
[1] See § 90.404(2)(a), Fla. Stat. (2003) ("Similar fact evidence of similar acts, wrongs, or acts is admissible when relevant to prove a material fact in issue, including, but not limited to, proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, but it is inadmissible when the evidence is relevant solely to prove bad character or propensity.").
[2] See Richard J. Sanders, "A Dangerous Bend in an Ancient Road": The Use of Similar Fact Evidence for Corroboration, 74 FLA. B.J. 40, 46 (Feb.2000) ("[T]he similar fact evidence is admissible `because it is unlikely that the victim... could have fabricated a version of events which shares unique characteristics with the collateral crime.' Like the identity-through-modus-operandi theory, this theory bypasses the propensity inference by directly comparing the acts themselves. This theory is a version what is called `the doctrine of chances.'" [c.o.]).
[3] Kimbrell v. State, 764 So.2d 893 (Fla. 4th DCA 2000), is not to the contrary. The true holding of that case is that the similar acts there were admissible to show "opportunity, preparation and plan." We did not purport to hold that, contrary to Heuring, other similar acts evidence categorically may not be used simply to corroborate the testimony of a child victim of familial sexual battery.