STONE, J.
Sutherland appeals his second conviction for sexual battery on a child under twelve by a perpetrator eighteen or older. We affirm, but write to address Sutherland’s contention that the trial court erred in allowing similar acts evidence.
After Sutherland’s first conviction, we reversed and remanded for a new trial. Sutherland v. State, 849 So.2d 1107 (Fla. 4th DCA 2003) {Sutherland I). In relevant part, our opinion provides:
The primary issue raised in this case of familial sexual battery on a child under 12 has to do with the admission of “similar acts” evidence. The victim of the abuse, who was an adult by the time charges were brought, was allowed to testify to having sexual relations with defendant, the victim’s former step-father, for many years after she had long passed the age of 12 and most after she reached her majority. Additionally the court admitted 28 photographs and one videotape of sexual acts between defendant and the victim, all of which (except one) occurred after she became an adult and thus were not crimes. The court also admitted evidence of later sexual relations between the adult victim and defendant in the presence of her friends. As well, the court admitted the testimony of an adult girl friend of the victim to the effect that defendant had bragged that he taught the victim every thing she knows about sex. Defendant argues that all of this similar acts evidence became the central feature of the trial and effectually supplanted the charge on trial, namely sexual battery on a child under 12 by a perpetrator over 18. He thus contends the evidence was inadmissible and that he is entitled to a new trial. We agree and reverse.
Id. at 1107-08 (footnote omitted).
In this appeal, Sutherland contends that the law of the case[1] precluded introduction *1201 of similar acts evidence after the victim turned twelve. We disagree with this interpretation of Sutherland I. Clearly, the problem in Sutherland I was that similar acts evidence became the central feature of the trial.
Our supreme court has recently explained:
[T]he similarity of the prior act and the charged offense remains part of a court’s analysis in determining whether to admit the evidence in two ways. First, the less similar the prior acts, the less relevant they are to the charged crime, and therefore the less likely they will be admissible. Second, the less similar the prior acts, the more likely that the probative value of this evidence will be “substantially outweighed by the danger of unfair prejudice, confusion of issues, misleading the jury, or needless presentation of cumulative evidence.” § 90.403.
[[Image here]]
In assessing whether the probative value of evidence of previous molestations is substantially outweighed by the danger of unfair prejudice, the trial court should evaluate: (1) the similarity of the prior acts to the act charged regarding the location of where the acts occurred, the age and gender of the victims, and the manner in which the acts were committed; (2) the closeness in time of the prior acts to the act charged; (3) the frequency of the prior acts; and (4) the presence or lack of intervening circumstances. This list is not exclusive....
* * *
Further, in accord with our precedent, the trial court must guard against allowing the collateral-crime testimony to become a feature of the trial.
McLean v. State, 934 So.2d 1248, 1259-62 (Fla.2006).
Here, the only physical evidence introduced of similar acts was two photographs, apparently taken when the victim was at least nineteen. The victim testified the photographs depicted the same types of sex that happened between her and Sutherland when she was under twelve. The focus of the victim’s testimony in this trial related the acts that occurred before she was twelve, any acts occurring after she was twelve being essentially highlighted by the defense on cross-examination. Additionally, although the trial court allowed introduction of Sutherland’s admission that he taught the victim everything she knew about sex, this testimony was made in the context of the victim being seven years old when Sutherland began having sex with her. Further, the acts occurring after the victim turned twelve were not a central feature of the victim’s friend’s testimony in this trial.
Consequently, we find the evidence and testimony in this trial did not suffer from the infirmities we found in Sutherland I. In this case, the limited physical evidence and testimony regarding acts occurring after the victim was twelve did not become a central feature of the trial.
Therefore, Sutherland’s conviction is affirmed. As to all other issues, we find no reversible error or abuse of discretion.
SHAHOOD and HAZOURI, JJ„ concur.

. See, e.g., State v. McBride, 848 So.2d 287 (Fla.2003) (emphasis in original) (The law of the case "doctrine requires that 'questions of law actually decided on appeal must govern *1201 the case in the same court and the trial court, through all subsequent stages of the proceedings.’ ”).