506 So.2d 1150 (1987)
Johnny ABLES, Appellant,
v.
STATE of Florida, Appellee.
No. BO-38.
District Court of Appeal of Florida, First District.
May 8, 1987.
James A. Johnston, Pensacola, for appellant.
Jim Smith, Atty. Gen., Royall P. Terry, Asst. Atty. Gen., for appellee.
*1151 MILLS, Judge.
Ables appeals from his conviction and sentence for capital sexual battery. We find the trial court erred in allowing certain testimony as similar fact evidence and reverse.
Ables was convicted by a jury of capital sexual battery. He was sentenced to life in prison with a 25-year minimum mandatory term. The State alleged that Ables sexually battered his niece beginning when she was nine years old and continuing until she was eleven. There were no eyewitnesses to any of the alleged criminal episodes. Nor was there any physical evidence. The alleged victim did not tell anyone about the incidents until 1984 or 1985, when she told her mother.
The alleged victim testified as follows. She spent weekdays at Ables' home in Pensacola before and after school beginning in 1979 when she was in the third grade. Her father would drop her off there on his way to work about an hour before she went to school. He would pick her up in the afternoon. One day, when she was nine years old, Ables accused her of having sex with his stepson. Ables said that if she refused to have sex with him, he would tell others about her relationship with his stepson. A few mornings a week after that, while Ables' wife was asleep in the house, Ables would go into a bathroom with the alleged victim, fondle her, and insert his fingers into her vagina. He would also take her into a utility room and engage in oral sex. These activities continued until the alleged victim left Pensacola, when she was in the fifth grade, to live with her mother in the State of Washington. The alleged victim later returned to Florida and lived with the Ables family. It was then that Ables began having sexual intercourse with her in his home. This continued until 1981, when the alleged victim went to live with her father.
The trial court allowed the jury to hear testimony that the State contended was admissible as similar fact evidence. Among the witnesses providing such testimony was Ables' stepdaughter who testified, over objection, that approximately 12 years earlier, when she was 11 years old and living with her mother and Ables, she and another child were "playing around" when Ables picked her up in his car, drove to an isolated area in Pensacola, pulled down her pants, and told her he wanted to see if she was still a virgin. She further testified that Ables did not touch her vagina or fondle her. He looked at her vagina, told her to get dressed, and they went home.
The stepdaughter also testified concerning an earlier incident that occurred when she was living with Ables and her mother in Louisiana. According to the stepdaughter, one night when her mother was out of town, Ables woke her up and asked her to remove her clothes. She refused and asked to call her mother. Ables told her the telephone was out of order and that if she told her mother what had happened he would tell her mother that she had her hand on his "private parts."
Section 90.404(2)(a), Florida Statutes (1985), provides:
Similar fact evidence of other crimes, wrongs, or acts is admissible when relevant to prove a material fact in issue, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, but it is inadmissible when the evidence is relevant solely to prove bad character or propensity.
Ables argues his stepdaughter's testimony was not relevant to a material fact in issue, only showed bad character and propensity, and hence was not admissible as similar fact evidence. The State contends the testimony was admissible because it was relevant to prove identity, intent,[1] plan and design, lack of inadvertance, and a pattern of criminality.
*1152 The Williams Rule,[2] codified in the above statute, does not prohibit evidence of bad character or propensity if the evidence is otherwise relevant to a material fact in issue. But relevance usually depends on identifiable points of similarity and a sufficient level of uniqueness. Drake v. State, 400 So.2d 1217 (Fla. 1981); Potts v. State, 427 So.2d 822 (Fla. 2d DCA), rev. denied, 434 So.2d 888 (Fla. 1983). Here, there was no testimony that Ables ever fondled or engaged in sex acts with his stepdaughter as the alleged victim testified he did with her. Given the patent difference between the acts described by the stepdaughter and those described by the alleged victim, we conclude that the stepdaughter's testimony was irrelevant to any material fact in issue and therefore inadmissible. See Coler v. State, 418 So.2d 238 (Fla. 1982), cert. denied, 459 U.S. 1127, 103 S.Ct. 763, 74 L.Ed.2d 978 (1983).
Having concluded that admission of the testimony in question was error, the question becomes whether it is reversible error. Because such error is presumed harmful, Straight v. State, 397 So.2d 903 (Fla.), cert. denied, 454 U.S. 1022, 102 S.Ct. 556, 70 L.Ed.2d 556 (1981), and in view of the less than overwhelming proof of guilt adduced at trial, we conclude it is. Cf. McKinney v. State, 462 So.2d 46 (Fla. 1st DCA 1984).
In cases involving sex crimes against children, similar fact evidence has often been held admissible as relevant to prove a pattern of criminality. Cotita v. State, 381 So.2d 1146 (Fla. 1st DCA 1980), rev. denied, 392 So.2d 1373 (Fla. 1981). But the dividing line between pattern of criminality and propensity is ill-defined. Heuring v. State, 495 So.2d 893 (Fla. 1st DCA 1986) (Smith, J. specially concurring). It would stand logic on its head to conclude that acts as dissimilar as those described by Ables' stepdaughter and those described by the alleged victim tend to prove a pattern of anything. We agree with Professor Ehrhardt's admonition:
The difference, if any, between "pattern of criminality" and "propensity" is difficult to define; if Florida courts are to continue to apply [the pattern of criminality] line of cases they must be scrupulous in not allowing this line of cases to swallow the rule.
Ehrhardt, Florida Evidence § 404.17 (2d. Ed. 1984).
Having concluded that admission of the stepdaughter's testimony was reversible error, we find it unnecessary to reach the other issues raised on appeal.
REVERSED.
ERVIN and WIGGINTON, JJ., concur.
NOTES
[1] Intent and state of mind are not issues in a sexual battery prosecution. Coler v. State, 418 So.2d 238 (Fla. 1982), cert. denied, 459 U.S. 1127, 103 S.Ct. 763, 74 L.Ed.2d 978 (1983).
[2] Williams v. State, 110 So.2d 654 (Fla.), cert. denied, 361 U.S. 847, 80 S.Ct. 102, 4 L.Ed.2d 86 (1959).