518 So.2d 917 (1988)
Sammy Ray BEASLEY, Petitioner,
v.
STATE of Florida, Respondent.
No. 70386.
Supreme Court of Florida.
January 21, 1988.
James B. Gibson, Public Defender, Seventh Judicial Circuit, and Nancye R. Crouch, Asst. Public Defender, Daytona Beach, for petitioner.
Robert A. Butterworth, Atty. Gen., and W. Brian Bayly, Asst. Atty. Gen., Daytona Beach, for respondent.
EHRLICH, Justice.
We have for review Beasley v. State, 503 So.2d 1347 (Fla. 5th DCA 1987), which directly and expressly conflicts with decisions of this Court and other district courts. We have jurisdiction. Art. V, § 3(b)(3), Fla. Const.
The petitioner, Sammy Ray Beasley, was convicted and sentenced for two counts of attempted sexual battery and one count of lewd and lascivious assault upon his step-daughter when she was between the ages of eleven and thirteen, in violation of sections 794.011(2), 777.04(1) and 800.04, Florida Statutes (1985). After the victim concluded her testimony at trial, the trial court granted the state's motion to permit the victim's sister to testify about similar offenses purportedly committed against her by the petitioner which began when she was approximately thirteen years of age. The trial court ruled that the sister's testimony was relevant to establish that Beasley had the opportunity to perform the illegal acts.
Beasley appealed his convictions, arguing that the trial court erred by admitting the testimony of the victim's sister. The district court affirmed his convictions, concluding "that the trial court properly allowed the victim's sister to testify because the location, times, acts, and method employed on both girls were substantially the same. The similar fact evidence was relevant to show [petitioner] had the opportunity *918 to commit the crimes." Beasley, 503 So.2d at 1349 (citations omitted).
Beasley now contends that the district court misapprehended the testimony at trial and that opportunity was clearly not a material fact at issue and the sister's testimony was relevant only to prove propensity to commit the charged crime. He also contends that the acts described by the victim's sister had neither a sufficient "level of uniqueness" nor sufficient "identifiable points of similarity" to qualify as similar fact evidence. He argues that the testimony of the victim's sister was therefore inadmissible under section 90.404(2)(a), Florida Statutes (1985), and Williams v. State, 110 So.2d 654 (Fla.), cert. denied, 361 U.S. 847, 80 S.Ct. 102, 4 L.Ed.2d 86 (1959).
This Court recently, in Heuring v. State, 513 So.2d 122 (Fla. 1987), addressed the selfsame issues raised by petitioner and noted:
Cases involving sexual battery committed within the familial context present special problems. The victim knows the perpetrator, e.g., a parent, and identity is not an issue. The victim is typically the sole eye witness and corroborative evidence is scant. Credibility becomes the focal issue. In such cases, some courts have in effect relaxed the strict standard normally applicable to similar fact evidence. These courts have allowed evidence of a parent's sexual battery on another family member as relevant to modus operandi, scheme, plan, or design, even though the distinction between sexual design and sexual disposition is often tenuous. We find that the better approach treats similar fact evidence as simply relevant to corroborate the victim's testimony, and recognizes that in such cases the evidence's probative value outweighs its prejudicial effect.
Id. at 124-25. The facts herein fall within the Court's holding in Heuring.
We hold, therefore, that the testimony of the victim's sister was properly admitted under the present circumstances. We approve the result of the district court decision below affirming Beasley's convictions.
It is so ordered.
McDONALD, C.J., and OVERTON, SHAW, BARKETT, GRIMES and KOGAN, JJ., concur.