COBB, Judge,
concurring specially:
In Heuring v. State, 513 So.2d 122 (Fla.1987), the Florida Supreme Court, for the first time, interpreted section 90.404(2)(a), Florida Statutes (1985),[1] to include the issue of credibility of a child victim of sexual battery as a material fact in issue that may render Williams[2] rule evidence admissible; m addition, the court relaxed the strict standard of similarity required for admissibility under Williams when the offenses were committed within a familial context. In other words, the latter context supplies the uniqueness or “fingerprint” characteristic necessary for sufficient, similarity under the Williams rule. In child molestation cases wherein there is no familial or custodial situation, prior instances of sexual abuse of children would still be inadmissible absent a unique similarity between the crimes. See Heuring 513 So.2d at 125.
The Florida Supreme Court accepted jurisdiction in Beasley v. State, 503 So.2d 1347 (Fla. 5th DCA 1987), decision approved by 518 So.2d 917 (Fla.1988), on the basis of conflict with prior opinions of that court, which establishes that it was necessary for the court to enlarge on the prior bases for the admissibility of Williams rule evidence set forth in section 90.404(2)(a) in order to affirm Beasley’s conviction. The dissent in the district court opinion in Beasley had concluded that such statutory expansion was a legislative concern.
The instant case involves offenses committed within a familial context; therefore, based on Heuring, I concur in the affirmance.

. Section 90.404(2)(a) provides:
Similar fact evidence of other crimes, wrongs, or acts is admissible when relevant to prove a material fact in issue, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, but it is inadmissible when the evidence is relevant solely to prove bad character or propensity.

. Williams v. State, 110 So.2d 654 (Fla.), cert. denied, 361 U.S. 847, 80 S.Ct. 102, 4 L.Ed.2d 86 (1959).