PER CURIAM.
The defendant was convicted for lewd assaults on his eight and ten year old natural daughters (section 800.04(1), Florida Statutes) after a jury trial in which the state presented “similar fact evidence” (see Williams v. State, 110 So.2d 654 (Fla.), cert. denied, 361 U.S. 847, 80 S.Ct. 102, 4 L.Ed.2d 86 (1959) and § 90.404(2)(a), Fla. Stat.) in the form of (1) testimony of the defendant’s niece that seven years before in another state the defendant had fondled her, and (2) testimony of two neighborhood girls that they had several times seen the defendant naked in his house and in his yard (i.e., that he “exposed” himself).
The tremendous probative value of similar fact evidence to establish the defendant’s propensity and bad character in the mind of the jury plus the overwhelmingly convincing power of such evidence (which is the very reason for the strict general rule excluding such evidence)[1] constrains against expanding the scope of Heuring v. State, 513 So.2d 122 (Fla.1987) which, to some extent, relaxed the general rule of exclusion. The testimony of the two neighborhood girls, in this case, is exactly like the testimony of the Barnhill children held in Heuring to be properly excluded.
There was no issue in this case as to the identity of the defendant as the perpetrator, nor any admission by him that while he did the acts of which he was accused, he did them by accident or mistake or innocently with good intent and purpose. The only real purpose of the similar fact evidence was to convince the jury that because of the defendant’s propensities as shown by his prior acts, it was very likely (probable) that he did the things of which he was charged in this case. It may have accomplished that purpose but it should not have been admitted into evidence.
Also, negligence in concealing nakedness, or even intentional nudity, is not, in a legal sense, similar conduct to a criminal act of child molestation. There is no commonly accepted, or scientifically established, relationship between nudists and child molesters.
We do not find it comfortable to make a judicial ruling in favor of one accused of *997 vile acts, but the law does not hold that the end justifies the means. The general rule of exclusion guards against a real danger of great injustice and it should not be relaxed to the extent of the facts in this case.
The conviction is reversed and the cause remanded for a new trial.
REVERSED and REMANDED.
DAUKSCH and COWART, JJ., concur.
SHARP, C.J., dissents with opinion.

. Wigmore has said it thusly:
It may almost be said that it is because of the indubitable relevancy of specific bad acts showing the character of the accused that such evidence is excluded. It is objectionable not because it has no appreciable probative value but because it has too much.
1 A Wigmore, Evidence § 58.2 at p. 1212 (Tillers rev. 1983). See also 1 Jones on evidence, Section 4:18 at 418 (6th ed. 1972); McCormick on Evidence, Section 190 at 447 (2d ed. 1972); 1 Underhill, Criminal Evidence, Section 205 at 447 (5th ed. 1956); 2 Louisell and Mueller, Federal Evidence, Section 140 at 113 (1978). See also Hodges v. State, 403 So.2d 1375 (Fla. 5th DCA 1981), rev. denied, 413 So.2d 877 (Fla.1982).