SCHWARTZ, Chief Judge.
The defendant Euline was charged with and convicted of two sexual offenses involving the digital vaginal and anal penetration of a twelve year old girlfriend of *599 his daughter while she was visiting in the defendant’s home. At the trial, the state was permitted to present testimony of the thirteen year old daughter herself that, a few weeks after the incident involved in the case, Euline had engaged in improper conduct by having the daughter rub her uncovered genital area against his back.
We reverse for a new trial because this “other offense” testimony was not sufficiently similar to the crimes charged to permit its introduction either under the rule of Williams v. State, 110 So.2d 654 (Fla.1959), cert. denied, 361 U.S. 847, 80 S.Ct. 102, 4 L.Ed.2d 86 (1959), or as corroborative testimony under Heuring v. State, 513 So.2d 122 (Fla.1987). See Heuring, 513 So.2d at 125 (“The state argues that the molestations of these five children were admissible as similar fact evidence under Williams. The trial court, however, correctly excluded direct evidence of these molestations since they were not sufficiently similar to the charged offenses.”); Fennelly & Watson, Logical Logos/Legal Relevancy: A Look at the Williams Rule in Florida, Fla.Bar J., Nov. 1987 at 57, 59 (“Admission of such [corroborative] evidence should, however, be contingent upon a showing of unique similarity so as to ensure its reliability and to ensure that the probative value will outweigh prejudicial effect to the defendant.”).
Reversed.