537 So.2d 1061 (1989)
James DAVIS, Appellant,
v.
STATE of Florida, Appellee.
No. 87-1654.
District Court of Appeal of Florida, First District.
January 18, 1989.
Rehearing Denied February 17, 1989.
*1062 Louis O. Frost, Jr., Public Defender, and James T. Miller and Jeanine B. Sasser, Asst. Public Defenders, Jacksonville, for appellant.
Robert A. Butterworth, Atty. Gen., and Gary L. Printy, Asst. Atty. Gen., Tallahassee, for appellee.
BOOTH, Judge.
This cause is before us on appeal of a conviction for three counts of sexual battery, two involving use of actual physical force likely to cause serious personal injury, and one involving slight force. Appellant argues that it was error to deny him a continuance, error to admit similar fact evidence under the rule in Williams v. State, 110 So.2d 654 (Fla. 1959), cert. denied, 361 U.S. 847, 80 S.Ct. 102, 4 L.Ed.2d 86 (1959), and that it was error to admit his wallet and its contents into evidence.
First, we find no error in the trial court's refusal to grant the requested continuance. The basis for the request was that the State gave notice of its intent to use similar fact evidence 11 days prior to the originally scheduled trial date, thus providing the defense with numerous new witnesses to depose. The notice was timely under Section 90.404(2)(b)1, Florida Statutes (1987),[1] and the trial court did begin the trial three days later than originally scheduled. While we recognize that timely notice under the statute does not preclude a reversal on abuse of discretion grounds, we find that appellant did not demonstrate actual prejudice from the trial court's ruling. Appellant was able to depose all of the similar fact witnesses who actually testified at trial, and counsel did a very effective job of impeaching the credibility of the similar fact victim.[2]
*1063 The trial court also correctly admitted the similar fact evidence. Contrary to appellant's contentions and without finding it necessary to detail the gruesome facts of this case, we find that the evidence of the prior sexual battery was strikingly similar to what occurred in the instant case. The trial court admitted this evidence on several grounds including pattern of criminality. Contrary to appellant's contentions, evidence under this theory has not been admitted solely in cases involving sexual abuse of children in the familial setting. Williams, supra, which involved a sexual battery of a woman unrelated to the defendant, expressly noted at 662 that evidence tending to reveal the commission of a separate and wholly independent offense is admissible "if it casts light upon the character of the act under investigation by showing motive, intent, absence of mistake, common scheme, identity or a system or general pattern of criminality so that the evidence of the prior offenses would have a relevant or a material bearing on some essential aspect of the offense being tried."[3] (emphasis added).
Finally, we reject appellant's suggestion that his wallet and its contents, found at the scene of the crime, were without any probative value because he admitted his identity and presence at the scene. We hold that the wallet and its contents had probative value bearing on the consent defense, and that the women's photos had relevant to pattern or plan of criminality. The remaining items show the context of the relevant photos among the diverse other material, none of which approached the level of prejudice of the news clipping in Mason v. State, 286 So.2d 17 (Fla. 2d DCA 1973).
Accordingly, appellant's convictions and sentences are AFFIRMED.
WENTWORTH, J., concurs.
ERVIN, J., concurs and dissents with written opinion.
ERVIN, Judge., concurring and dissenting.
Although I agree with the majority that the trial court neither abused its discretion in refusing to grant appellant's requested continuance, nor in admitting into evidence the testimony of a collateral crime victim, I cannot agree with its disposition of the last point, relating to the admission into evidence of certain articles contained inside appellant's wallet found at the scene of the offense. I would therefore reverse the convictions and remand the case for new trial.
Unlike the majority, I consider it necessary, in order to effect a fair disposition of this case, to recite some of the essential facts involved. Appellant, a black man, age 65, who worked at a bar, approached the black victim, age 24, who weighed approximately 200 pounds, and who had earlier been injured during an altercation with her boyfriend, and offered to take her to his home to cleanse her wounds. When appellant was unable to obtain a ride home with his employer, appellant and the victim began walking to appellant's house. Their walk took them through a dark, deserted alley filled with trash, at which point, according to the victim, appellant grabbed her by the neck with one hand and threatened to kill her with a sharpened stick which he held in the other if she did not submit to his entreaties for sexual gratification. The victim testified she was raped three times, and thereafter was struck on the head with a beer bottle. She reported the incident to the police who, during an investigation at the crime scene, found appellant's wallet. Appellant conceded identity and defended by asserting the victim's assent, but did not testify.
In my judgment there was no basis for the lower court's admitting into evidence certain items that were inside appellant's wallet. The majority has affirmed the trial *1064 court's decision on the ground that the items have relevant value insofar as they tend to rebut appellant's defense of consent. It is true that in sexual battery cases, similar fact evidence is admissible during the state's case-in-chief to meet a defendant's anticipated defense of consent. See Williams v. State, 110 So.2d 654, 663 (Fla.), cert. denied, 361 U.S. 847, 80 S.Ct. 102, 4 L.Ed.2d 86 (1959); Hodge v. State, 419 So.2d 346 (Fla. 2d DCA 1982), review denied, 426 So.2d 26 (1983). See also C. Ehrhardt, Florida Evidence § 404.17 (2d ed. 1984).
I can readily agree that the wallet and those contents identifying the appellant as the owner of those items are relevant to corroborate the victim's testimony that the attack occurred in a deserted trash-littered alley, thereby casting doubt on appellant's defense of consent. The wallet and such papers merely identifying appellant certainly are not objectionable. I can also agree that photographs of certain scantily-clad, overweight, black women, in various suggestive positions, may have some attenuated relevant value to show appellant's motive; nevertheless, whatever relevancy these photographs have is offset by balancing the danger of unfair prejudice resulting from the photographs' admission into evidence. See § 90.403, Fla. Stat. (1987).
I can conceive of no material purpose whatsoever for the admission into evidence of the following articles found inside appellant's wallet: a photograph of a nine-year-old white girl wearing a cheerleader's uniform, a matchbox with the words, "Child Abuse It's a Crying Shame," several photographs of a white teenager, and finally, on a wage statement bearing appellant's name, the epithet: "Kiss my ass, bitch." No connection was shown between the appellant and the photographs of the white females. In my judgment, the only effect the admission of these articles had was simply to establish appellant's bad character or propensity therefor, when he had not made such an issue  indeed he had not testified. Section 90.404(2)(a), Florida Statutes (1987) provides:
Similar fact evidence of other crimes, wrongs, or acts is admissible when relevant to prove a material fact in issue, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, but it is inadmissible when the evidence is relevant solely to prove bad character or propensity.
That portion of section 90.404(2)(a), permitting the introduction of similar fact evidence, if relevant to prove a material fact in issue, interacts with the definition of relevant evidence set forth in Section 90.401, Florida Statutes (1987), providing that "[r]elevant evidence is evidence tending to prove or disprove a material fact." Obviously, if the evidence which is offered has no bearing on any material fact at issue, such evidence is inadmissible. Not only were the above contents irrelevant to any fact at issue during the trial, they were highly prejudicial and should not have been admitted for that reason as well. Cf. Mason v. State, 286 So.2d 17 (Fla. 2d DCA 1973) (trial court erred in admitting into evidence at defendant's trial for the offense of assault with intent to commit rape, a newspaper clipping taken from the wallet of the defendant found at the scene of the crime, which reported that the defendant had been previously acquitted of assaulting a 15-year-old girl, because the effect of such evidence was to show solely the defendant's bad character).
The admission of the above items as similar fact evidence in the case at bar cannot be justified under any theory of harmless error. The harmless error test, as stated in State v. DiGuilio, 491 So.2d 1129 (Fla. 1986), and most recently reaffirmed in State v. Lee, 531 So.2d 133 (Fla. 1988), requires that the state meet its burden of satisfying harmless error "beyond a reasonable doubt that the error complained of did not contribute to the verdict," or "that there is no reasonable possibility that the error contributed to the conviction." Lee, 531 So.2d at 136 (citing DiGuilio, 491 So.2d at 1135). In that the state has failed to meet its burden, appellant's convictions should be reversed and the case remanded *1065 with directions that appellant be granted a new trial.
NOTES
[1] The statute requires notice "no fewer than ten days before trial."
[2] Appellant's argument on this point stressed inability to effectively investigate and impeach the similar fact victim's credibility.
[3] We also note that the Williams court, in discussing pattern of criminality, explained its reasoning by citing to an earlier sexual battery case. That case, Talley v. State, 160 Fla. 593, 36 So.2d 201 (1948), also involved sexual battery on an adult woman unrelated to the offender. The similar fact evidence at issue therein involved indecent acts or assaults on five other adult women.