601 So.2d 1321 (1992)
STATE of Florida, Appellant,
v.
Michael Troy PAILLE, Appellee.
No. 90-02659.
District Court of Appeal of Florida, Second District.
July 10, 1992.
*1323 Robert A. Butterworth, Atty. Gen., Tallahassee, and Joseph R. Bryant, Asst. Atty. Gen., Tampa, for appellant.
James Marion Moorman, Public Defender, Bartow, and Megan Olson, Asst. Public Defender, Bartow, for appellee.
THREADGILL, Judge.
The state appeals from the trial court's order granting the appellee Paille's motion for new trial. The trial court granted a new trial on the ground it had erred at the jury trial by admitting evidence of similar acts not embraced by the information. We find that the trial court did not err in admitting such evidence and reverse the order granting a new trial.
Michael Troy Paille, was charged with two counts of sexual battery upon a person less than twelve years of age by a person under eighteen years of age, in violation of section 794.011(2), Florida Statutes (1985). The information alleged that between October 1, and December 25, 1986, Paille committed two counts of sexual battery upon the eight-year-old victim, by oral union with his sex organ and by vaginal union or penetration with his sex organ. At trial, the victim testified that the incidents occurred when she stayed with her father on weekends. Her father lived with Paille's mother. Paille and his brother also lived in the home. In addition to testifying to the charged offenses, the victim described three other incidents with Paille, two of which involved kissing and one which involved digital penetration. It is upon the admission of this evidence that the trial court based its order granting a new trial.
An order granting a new trial for errors of law should be reversed when, on appeal, it is determined such matters were either not error or were harmless error. State v. Lewis, 543 So.2d 760 (Fla.2d DCA), rev. den., 549 So.2d 1014 (Fla. 1989). Section 90.404, Florida Statutes (1985) provides that similar fact evidence of other crimes, wrongs, or acts is admissible when relevant to prove a material fact in issue such as motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake, but is inadmissible when relevant solely to prove bad character or propensity. In cases involving sexual battery in the familial context, courts have relaxed the strict standard normally applicable to similar fact evidence. Heuring v. State, 513 So.2d 122, 124 (Fla. 1987). Evidence of prior sexual misconduct toward children has been held admissible in such cases to show a pattern of criminality, motive, intent, a lustful state of mind toward the victim, and the relationship between the victim and the offender. See e.g. Flanagan v. State, 586 So.2d 1085 (Fla. 1st DCA 1991); Padgett v. State, 551 So.2d 1259 (Fla. 5th DCA 1989); Gibbs v. State, 394 So.2d 231 (Fla. 1st DCA), aff'd, 406 So.2d 1113 (Fla. 1981); and Cotita v. State, 381 So.2d 1146 (Fla. 1st DCA 1980), rev. den., 392 So.2d 1373 (Fla. 1981).
We believe the evidence of similar acts in this case was relevant to prove intent, preparation, plan and existence of a lustful attitude toward the victim. Although the victim did not testify as to the order in which the incidents occurred, it appears from the record that the incidents involving kissing and digital penetration preceded the charged offenses because this was the order in which the child testified about them. Furthermore, the victim testified that she did not tell anyone after Paille kissed her. It was not until after the charged offenses had occurred that the victim told a school friend what had happened. The fact that the incidents began with kissing and continued over a period of three months is relevant to prove that Paille planned and intended to lure the victim into sexual activity over time. We believe this is relevance beyond mere propensity. See Gibbs, at 232 (existence of lustful attitude toward victim indicating defendant's state of mind on date of charged offense constitutes relevance beyond mere propensity). Because there was no error in the initial admission of this evidence, the trial court's order granting a new trial cannot be based upon it.
Even if the evidence had not been relevant to prove a material fact in issue, we believe any error in admitting the evidence *1324 was harmless. The similar acts were only testified to by the victim. Evidence of similar sex acts against the victim in the case being tried is far less objectionable than evidence of similar acts against other victims. Smith v. State, 538 So.2d 66 (Fla. 1st DCA 1989). Because the victim herself testified to the similar fact evidence, the evidence did not serve to bolster her credibility as a witness, as the testimony of another witness might have done. The incidents involving kissing were also significantly less severe than the charged offenses and, as such, would not have indicated a likelihood that the appellant would have participated in the more severe conduct. Furthermore, defense counsel on cross-examination of the victim, elicited testimony concerning an incident in which Paille pulled down his pants and exposed himself to her. We find the evidence in question no more harmful than the testimony purposefully elicited by defense counsel. Finally, we note that the victim's testimony concerning the uncharged incidents was brief and was not made a feature of the trial.
The state in this case failed to provide notice of its intent to offer similar fact evidence at trial as required by section 90.404(2)(b)1, Florida Statutes (1985). The lack of such notice is also subject to harmless error analysis. Garcia v. State, 521 So.2d 191, 196 (Fla. 1st DCA 1988). Defense counsel took the victim's deposition ten months prior to trial at which she testified to the similar acts in question, giving Paille advance notice of the incidents. Defense counsel, at a pretrial hearing, also indicated that there was a possibility the victim would testify to the similar acts. Paille has failed to establish actual prejudice or unfair surprise. See Davis v. State, 537 So.2d 1061 (Fla. 1st DCA 1989). Accordingly, we find the admission of the similar fact evidence to be harmless error in spite of the state's failure to give notice under section 90.404(2)(b)1.
The state also challenges the trial court's order granting Paille's motion to suppress his confession. Although the preceding issue is dispositive, we address this issue as well. Paille, who was seventeen years of age at the time of the investigation on these charges, gave a confession to police officers before his mother had been notified. In suppressing the confession, the trial court stated that the officers could have done more to contact the mother prior to the interrogation. The supreme court in Doerr v. State, 383 So.2d 905 (Fla. 1980), held that a juvenile's confession, given after he is taken into custody, is not automatically rendered inadmissible just because it was given prior to notification of his parents. Section 39.037, Florida Statutes (formerly § 39.03), requires that a parent be immediately notified upon a decision to detain or place a child in shelter care. The purpose of this notification is simply to advise the parent of the child's whereabouts. Doerr, at 907. Where a juvenile has been taken into custody and questioned before any determination has been made to detain him, he is not entitled to have his parents notified prior to the interrogation. State v. Cobb, 387 So.2d 526 (Fla. 4th DCA 1980). The test of admissibility of a juvenile's confession is the totality of the circumstances under which it was taken. Doerr, at 907.
In the instant case, Paille was advised by telephone of the police investigation and he voluntarily went to the police station to discuss the matter. The investigating officer attempted to contact Paille's mother, but was unable to do so. Paille told the officer that he would prefer his mother not be contacted. He stated he had a job and had been on his own for quite some time. According to the officer, Paille appeared reasonably intelligent and comfortable and was able to converse. He was advised of his rights and decided to speak with the officer. He told the officer that he believed it would be best to tell the truth about the incidents. The only evidence which indicates that the confession may not have been voluntary was Paille's age and the absence of his mother. Paille was seventeen years and seven months old at the time the statement was given. Given that he was an "old" juvenile and that he requested his mother not be notified, his *1325 age and her absence are insufficient to establish that the statement was involuntary. From the totality of the circumstances, it appears Paille knowingly and intelligently waived his rights and voluntarily gave the confession. Therefore, the trial court erred in suppressing the statement.
For the foregoing reasons, we reverse the trial court's order granting a new trial and remand for sentencing.
Reversed and remanded.
DANAHY, A.C.J., and BENTLEY, E. RANDOLPH, Associate Judge, concur.