PARKER, Judge.
The State of Florida seeks review of the trial court’s order granting Dennis A. Jenkins’ motion to prohibit introduction of similar fact evidence in this sexual battery case. The state concedes that the trial court’s order is not subject to appeal under Florida Rule of Appellate Procedure 9.140(c). We treat this notice of appeal as a petition for certiorari and grant the relief sought because we conclude that the trial court’s ruling departed from the essential requirements of the law. See State v. Pettis, 520 So.2d 250 (Fla.1988).
The state charged Jenkins with the following acts; count I, sexual activity with a child while in a position of familial authority, occurring between September 1 and September 30, 1991; count II, handling and fondling a female under sixteen years, occurring between June 1 and July 31, 1991; count III, sexual activity with a child while in a position of familial authority, occurring between October 1 and October 31,1991; count IV, soliciting sexual activity with a child while in a position of familial authority, occurring between November 1 and November 30, 1991; and count V, handling and fondling a female under sixteen years, occurring between February 1 and February 16, 1992, by information filed March 27,1992. The alleged victim of all five counts was M.S.
The state filed a Notice of Intent to Use Evidence of Other Crimes Committed by the Defendant.[1] The notice alleged that between March 27 and March 31, 1988, the defendant fondled M.S. in a lewd, lascivious, or indecent manner. It further stated that Jenkins had been adjudicated guilty of the offense in 1988. Possible witnesses to the prior offense were M.S., her mother, a deputy sheriff, and all state witnesses previously provided in discovery. The defense filed a motion to prohibit the state from introducing such similar *355 fact evidence claiming that it was not relevant except to prove bad character and propensity, that it would become a feature of the trial, and that any relevance was substantially outweighed by the danger of unfair prejudice.
During the hearing on the defense’s motion to prohibit the similar fact evidence, defense counsel stated that the 1988 offense involved an incident wherein Jenkins went into a room where M.S. was sleeping and touched her outside of her pajamas. The victim’s mother observed the incident, and Jenkins confessed to it and pled guilty to the criminal charge. The state represented that the evidence would be offered to corroborate M.S.’s testimony to show motive and intent. Defense counsel argued that the 1988 offense was a different type of incident because it occurred while M.S. was sleeping in the house, whereas the instant offenses allegedly took place in an automobile or outside the house, with M.S. fully awake.
The trial court granted Jenkins’ motion to prohibit the state from introducing the similar fact evidence. The state argues that the trial court departed from the essential requirements of the law by precluding the state from introducing evidence that Jenkins was adjudicated guilty of handling and fondling M.S. a few years earlier.
This court has jurisdiction to review this matter pursuant to Pettis. Florida Rule of Appellate Procedure 9.140(c)(1)(B) which provides that the state may appeal an order “suppressing before trial confessions, admissions, or evidence obtained by search and seizure” has been interpreted to apply to any evidence that the court suppresses. State v. Smith, 586 So.2d 1237, 1238 (Fla. 2d DCA 1991) (holding that state has right to seek certiorari review of order excluding evidence of collateral crimes).
Jenkins contends that the evidence of his prior act should not be admitted because its purpose is to show bad character and propensity. Further, he argues that the evidence is not similar. The supreme court, in Heuring v. State, 513 So.2d 122 (Fla.1987), approved of relaxing the traditional strict standards of admissibility of similar fact evidence in cases involving sexual battery in the familial context. The court noted that the issue in situations like this is the victim’s credibility and that the evidence is relevant to corroborate the victim’s testimony. This court, in State v. Paille, 601 So.2d 1321 (Fla. 2d DCA 1992), recognized the admissibility of similar fact evidence in eases of sexual battery in a familial setting. In Paille, we stated:
Evidence of prior sexual misconduct toward children has been held admissible in such cases to show a pattern of criminality, motive, intent, a lustful state of mind toward the victim, and the relationship between the victim and the offender.
Paille, 601 So.2d at 1323 (citations omitted). Because there were no eyewitnesses to these incidents, we conclude that the similar fact evidence is relevant to the issue of credibility. Even the defense conceded at the hearing before the trial court that M.S.’s credibility was at issue.
Accordingly, the petition for writ of certio-rari is granted, and we reverse the order of the trial court prohibiting the introduction of this similar fact evidence. We remand the case for further proceedings consistent with this opinion.
Reversed and remanded.
RYDER, A.C.J., and BLUE, J., concur.

. Section 90.404(2)(a), Florida Statutes (1991) provides:
CHARACTER EVIDENCE; WHEN ADMISSIBLE
[[Image here]]
(2) OTHER CRIMES, WRONGS, OR ACTS.—
(a) Similar fact evidence of other crimes, wrongs, or acts is admissible when relevant to prove a material fact in issue, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, but it is inadmissible when the evidence is relevant solely to prove bad character or propensity.