630 So.2d 655 (1994)
John Randall BARBEE, Appellant,
v.
STATE of Florida, Appellee.
No. 93-140.
District Court of Appeal of Florida, Fifth District.
January 14, 1994.
James B. Gibson, Public Defender, and S.C. Van Voorhees, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Mark S. Dunn, Asst. Atty. Gen., Daytona Beach, for appellee.
COBB, Judge.
This appeal raises one issue: Is the state's failure to strictly comply with the ten-day notice requirement of section 90.404(2)(b)(1), Florida Statutes (1991) in respect to similar-fact evidence, fatal per se to admissibility of that evidence? That section provides:
When the state in a criminal action intends to offer evidence of other criminal offenses under paragraph (a), no fewer than 10 days before trial, the state shall furnish to the accused a written statement of the acts or offenses it intends to offer, describing them with the particularity required of an indictment or information... .
In this case the notice was given nine days before trial. The appellant, although conceding he was not prejudiced by the state's failure and that the failure was not willful, contends the statutory rule must be strictly construed and precludes judicial discretion to excuse the tardiness of the notice. The trial court disagreed, held a Richardson[1] hearing, and allowed the similar-fact evidence to be introduced at trial.
We agree with the trial court that the instant situation is controlled by Richardson, wherein the Florida Supreme Court held:
... [W]e hold that the violation of a rule of procedure prescribed by this Court does not call for a reversal of a conviction unless the record disclosed that noncompliance *656 with the rule resulted in prejudice or harm to the defendant. All of the four District Courts of Appeal have now so held and we now place our stamp of approval upon this principle. [Citations omitted]. This is particularly true in view of the purpose of the Florida Rules of Criminal Procedure. As stated in Rule 1.020 of the rules themselves: "These rules are intended to provide for the first determination of every criminal proceeding. They shall be construed to secure simplicity in procedure and fairness in administration." Furthermore, the Rule in question must be considered by an appellate court in pari materia with the provisions of our harmless error statute, viz, F.S. 924.33, F.S.A. which provides that rulings or proceedings in criminal cases that are not prejudicial or harmful do not require reversal. . .. (Emphasis added).
Richardson v. State, 246 So.2d 771, 774 (Fla. 1971).
This principle recognized in Richardson applies with equal force to section 90.404(2)(b)(1), Florida Statutes, which, while enacted by the legislature, has, to the extent it is procedural, been adopted by our supreme court. See In re Florida Evidence Code, 372 So.2d 1369 (Fla. 1979).
AFFIRMED.
PETERSON and DIAMANTIS, JJ., concur.
NOTES
[1] Richardson v. State, 246 So.2d 771, 774 (Fla. 1971).