W. SHARP, Judge.,
dissenting.
I respectfully dissent. Although I agree that the admission of the newspaper article over the defendant’s objection was erroneous, that is not enough to merit reversal, unless it was shown to be harmful error (or of a fundamental or constitutional stature, which this one is not), and therefore prejudicial to the defendant’s case. State v. DiGuilio, 491 So.2d 1129 (Fla. 1986); Barbee v. State, 630 So.2d 655 (Fla. 5th DCA 1994); § 924.33, Fla.Stat. (1993).
Pursuant to section 924.33, and case law, the burden of showing harmful error is on the appellant. The statute provides: (1) no judgment shall be reversed unless it injuriously affects the substantial rights of the appellant, and (2) the injurious effect on the substantial rights of the appellant shall not be presumed. See Salvatore v. State, 366 So.2d 745 (Fla.1978), cert. denied, 444 U.S. 885, 100 S.Ct. 177, 62 L.Ed.2d 115 (1979); Brown v. State, 426 So.2d 76 (Fla. 1st DCA 1983). The burden is on the appellant to show that the error resulted in an unfair trial. Harrell v. State, 405 So.2d 480 (Fla. 3d DCA 1981).
Appellant failed to carry that burden, in my view, because the newspaper article is not in the record on appeal, and because (according to appellant’s brief) the contents of the statements in the article, allegedly made by the defendant to the reporter, roughly parallel the testimony of one witness at the trial (Allison) who claimed he told her the same things. Torres-Arboledo v. State, 524 So.2d 403 (Fla.), cert. denied, 488 U.S. 901, 109 S.Ct. 250, 102 L.Ed.2d 239 (1988) (admission of hearsay is cumulative and harmless error where Witness testifies to same thing). I would affirm Dollar’s convictions and sentences.