722 So.2d 228 (1998)
Derek ADSIDE, Appellant,
v.
STATE of Florida, Appellee.
No. 97-672.
District Court of Appeal of Florida, Fifth District.
November 6, 1998.
Rehearing Denied December 17, 1998.
James B. Gibson, Public Defender, and Susan A. Fagan, Assistant Public Defender, Daytona Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Steven J. Guardiano, Senior Assistant Attorney General, Daytona Beach, for Appellee.
ANTOON, Judge.
Derek Adside appeals his convictions and sentences which were entered by the trial court after a jury found him guilty on five counts of burglary of a dwelling[1], one count *229 of possession of burglary tools[2], and one count of loitering or prowling[3]. He raises six claims of error, two of which merit discussion: (1) the claim that the trial court improperly permitted the state to submit similar fact evidence, and (2) the claim that the trial court improperly imposed a public defender lien and duplicative court costs as part of his sentence. However, we affirm Mr. Adside's convictions and sentences because there has been no showing of reversible error in this case.
On July 20, 1996, at approximately 1:30 in the morning, a police officer observed Mr. Adside riding his bicycle into a condominium complex. After circling the area three times, Mr. Adside got off his bicycle and pushed it into shrubbery located in the center of the common area. He then walked into the carport of one of the living units, bent down, and looked into the driver's window of a parked automobile. He looked over the fence and into the courtyard area and pushed on the gate. The officer saw Mr. Adside move along the wall of the condominium unit in such a way as to avoid activating the light sensors. The officer lost sight of Mr. Adside for approximately forty-five seconds but, when he reappeared, he again pushed at the gate and jiggled the handle. This conduct formed the basis for the loitering or prowling charge.
During trial, the state called the owner of the condominium unit to testify regarding other uncharged events which had occurred during the two-week period of time prior to Mr. Adside's arrest in this case. The owner testified that the gate to her condominium had been opened during the night, her car had been broken into, and litter had been strewn around her condominium. Defense counsel objected to the admission of this testimony, arguing that the evidence was inadmissible because (1) the evidence was not offered to prove a relevant fact at issue, and (2) the state had failed to file written notice of its intent to use similar fact evidence as required by section 90.404(2)(b)1, of the Florida Statutes (1995).[4] The trial court overruled the objection and permitted the state to submit this testimony to the jury.
Mr. Adside maintains that the trial court erred in admitting the similar fact evidence. The state responds by arguing that the testimony was relevant and thus admissible; however, the state fails to respond to the claim that the evidence was inadmissible because the state had failed to comply with the statutory notice requirement. See § 90.404(2)(b)1., Fla. Stat. (1995). Since the state failed to provide timely notice of its intent to offer similar fact evidence, the trial court should have sustained defense counsel's timely objection. Nevertheless, the error in admitting this testimony was harmless in light of the overwhelming evidence of Mr. Adside's guilt. The evidence of guilt included Mr. Adside's two audio taped confessions in which he admitted in detail to committing all of the crimes charged. Furthermore, eye witnesses testified as to Mr. Adside's actions which gave rise to the loitering or prowling charge. Under these circumstances there is no reasonable possibility that the improper admission of the similar fact evidence contributed to Mr. Adside's convictions. See Barbee v. State, 630 So.2d 655 (Fla. 5th DCA 1994); see also §§ 59.041, 924.33, Fla. Stat. *230 (1995). Accordingly, we affirm Mr. Adside's convictions.
Mr. Adside next maintains the trial court erred in ordering him to pay court costs in each of the six cases and in imposing a public defender lien. He argues that he was only obligated to pay court costs on one case since the six cases had been consolidated for trial, and that the trial court erred in failing to give him notice and an opportunity to object before entering the public defender lien. These claims of error have been waived for purposes of appellate review because Mr. Adside failed to raise any objection to the imposition of these assessments during the sentencing hearing, and he failed to file a timely motion to correct his sentence pursuant to rule 3.800(b) of the Florida Rules of Criminal Procedure. Accordingly, we reject these claims of sentencing error as waived. See § 924.051(1)(b), Fla. Stat. (Supp.1996).
Having found no merit to any of the claims of reversible error raised by Mr. Adside in this appeal, we affirm his convictions and sentences.
AFFIRMED.
DAUKSCH and HARRIS, JJ., concur.
NOTES
[1] § 810.02, Fla. Stat. (1995).
[2] § 810.06, Fla. Stat. (1995).
[3] § 856.021, Fla. Stat. (1995).
[4] Section 90.404(2) of the Florida Evidence Code provides:

90.404 Character evidence; when admissible. 
* * *
(2) OTHER CRIMES, WRONGS, OR ACTS. 
(a) Similar fact evidence of other crimes, wrongs, or acts is admissible when relevant to prove a material fact in issue, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, but it is inadmissible when the evidence is relevant solely to prove bad character or propensity.
(b)1. When the state in a criminal action intends to offer evidence of other criminal offenses under paragraph (a), no fewer than 10 days before trial, the state shall furnish to the accused a written statement of the acts or offenses it intends to offer, describing them with the particularity required of an indictment or information. No notice is required for evidence of offenses used for impeachment or on rebuttal.
§ 90.404(2), Fla. Stat. (1995).