NORTHCUTT, Judge.
Valerie Lee’s trial on charges of possession and delivery of cocaine was tainted by improper evidence of collateral crimes. Accordingly, we reverse her convictions, and remand for a new trial.
The arresting officer testified that while working undercover he purchased a small quantity of crack cocaine from a black female one evening in August 1997. There were no witnesses to the transaction. About six weeks later, the officer saw the woman again, at which time he ascertained that her name was Valerie Lee. The next day, he went to Lee’s residence and arrested her. Over defense counsel’s objection, the officer was permitted to relate that as he transported Lee to jail she told him that she had sold and used crack cocaine.
Lee’s general admission of prior criminal conduct was not linked in any way to the offenses for which she was being tried. She argues that this testimony violated the Williams rule [1] in that it was irrelevant other than to prove bad character or propensity. We agree. See § 90.404(2)(a), Fla. Stat. (1997); Delgado v. State, 573 So.2d 83 (Fla. 2d DCA 1990).
The State contends that Lee’s statement was an admission against interest. Even so, such a statement must meet the test of relevancy. See Drayton v. State, 292 So.2d 395 (Fla.1974). If anything, the fact that the collateral crime evidence came from Lee’s own lips tended to exacerbate its vice. See Delgado, 573 So.2d at 85.
At trial the defense presented alibi witnesses, and challenged the officer’s assertion that Lee was the woman from whom he had purchased the cocaine. We must conclude that the admission of this evidence was highly prejudicial and not harm-. less error.
Reversed and remanded for new trial.
PARKER, C.J., and PATTERSON, J., Concur.

. Williams v. State, 110 So.2d 654 (Fla.1959).