ANGELOS, CYNTHIA G., Associate Judge.
The Defendant appeals his conviction and sentence for armed robbery. The first issue on appeal is whether the trial court erred in admitting, as impeachment evidence, the taped statement of a co-defendant. However, there was no objection raised at trial that the statement constituted improper impeachment evidence or improper collateral crimes evidence. We affirm as to this issue.
The second issue on appeal is whether the trial court erred in admitting the Defendant’s own taped statement and we affirm as to this issue. The Defendant argues that only a statement against interest constitutes an exception to the hearsay rule. However, section 90.803(18), Florida Statutes (2001), contains no such requirement.[1] See Addison v. State, 653 So.2d 482, 484 (Fla. 5th DCA1995). An exculpatory statement of a party is admissible against the party making the statement, *1004 under section 90.803(18). Delacruz v. State, 734 So.2d 1116, 1122 (Fia. 1st DCA 1999).
The Defendant initially said he could not have committed the crime because he was in jail, but later he stated that he was working that day at a temporary labor pool. The Defendant also argues that in his statement, he indicates that he had previously been in jail. The trial court heard the Defendant’s entire statement in a proffer and after considering the statement, together with the other evidence at trial, found that the probative value of the statement was not outweighed by the danger of unfair prejudice, and thus was admissible under section 90.403, Florida Statutes (2001). The admission of this statement was relevant to an issue other than the character or propensity of the Defendant; it was relevant to determining whether the Defendant was somewhere else at the time the robbery was committed, which was an essential issue in the case.
The third issue raised on appeal was whether the trial court erred in sentencing the Defendant both as a prison releasee reoffender and as a habitual felony offender. We remand for resentencing on this issue. Sentencing a defendant both as a habitual felony offender and as a prison releasee reoffender violates the Prison Releasee Reoffender Punishment Act. See Grant v. State, 770 So.2d 655 (Fla.2000); Walker v. State, 792 So.2d 585 (Fla. 4th DCA 2001).
SHAHOOD and TAYLOR, JJ., concur.

. Section 90.803(18) provides in relevant part, as follows:
"Admissions. — A statement that is offered against a party and is: (a) The party’s own statement in either an individual or a representative capacity.”