STRINGER, Judge.
Leroy Gardner challenges his convictions for sale of cocaine within 1000 feet of a place of worship and for possession of cocaine. We reverse his convictions and remand for a new trial because evidence of other crimes was improperly admitted at trial.
A State witness, Detective Thompson, testified that while working undercover he purchased cocaine from a person whom he later identified as Gardner. The prosecutor asked Detective Thompson if he spoke with Gardner after his arrest. Over Gardner’s objection, the detective testified that he did speak with Gardner and that Gardner denied selling cocaine. Gardner claimed that he could not have sold cocaine to the detective because he only sold cocaine to people with whom he smokes cocaine.
The State argues that Gardner’s statement was admissible as an admission against interest. We agree that the statement was admissible as an exception to the hearsay rule. See Bryant v. State, 810 So.2d 1003 (Fla. 4th DCA 2002) (holding that an exculpatory statement of a party is admissible against the party making the statement under the hearsay exception for admissions). However, even though evidence may be admissible under an exception to the hearsay rule, the evidence must still be relevant to a material issue at trial. Lee v. State, 737 So.2d 1116, 1117 (Fla. 2d DCA 1999) (holding that defendant’s statement that she had sold and used crack cocaine, although admissible as an admission against interest, was improperly introduced at trial because it was not relevant to the crime charged).
Evidence of other crimes is admissible “when relevant to prove a material fact in issue, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, but it is inadmissible when the evidence is relevant solely to prove bad character or propensity.” § 90.404(2)(a), Fla. Stat. (1999). We conclude that the statement in this case was only relevant to show Gardner’s propensity to sell and use cocaine.
Gardner failed to object to this testimony on the basis of relevance. Instead, Gardner argued that the evidence should not be admitted because the State failed to give notice of its intent to introduce evidence of other crimes. Section 90.404(2)(b)(1), Florida Statutes (2000), requires the State to provide ten days’ notice *1222 prior to trial of prior acts it intends to introduce. Thus, the trial court should have sustained Gardner’s objection.
Because Gardner failed to object on the ground of relevancy, we do not reverse his convictions on that basis. However, we do find that the failure of the State to provide notice requires reversal under the facts of this case. A lack of notice can be deemed harmless where there is no showing of actual prejudice or unfair surprise to the defendant. See State v. Paille, 601 So.2d 1321 (Fla. 2d DCA 1992) (holding that lack of notice was harmless where it was apparent that the defendant knew of the other crime’s evidence, and the defendant knew of the State’s intent to introduce the evidence at trial). Under the circumstances of this case, we cannot conclude that the State’s failure to give notice did not prejudice Gardner in the preparation of his defense.
Reversed and remanded for new trial.
NORTHCUTT and COVINGTON, JJ., Concur.