[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 10-13396
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 6, 2011
JOHN LEY
CLERK

D.C. Docket No. 6:08-cv-02176-GAP-GJK

GEORGE DAVID LAMONTAGNE,

                                                            Petitioner-Appellant,

versus

SECRETARY, DEPARTMENT OF CORRECTIONS,
ATTORNEY GENERAL, STATE OF FLORIDA,
EDWARD GRIFFIN,
Warden of the Avon Park
Correctional Institution,

                                                            Respondents-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(July 6, 2011)

Before BARKETT, HULL and MARCUS, Circuit Judges.

PER CURIAM:

Petitioner George Lamontagne, a Florida prisoner, appeals <u>pro se</u> the district court's denial of his 28 U.S.C. § 2254 habeas corpus petition. After review, we affirm.

## I. BACKGROUND

### A. State Court Plea

In May 2004 in Florida state court, Lamontagne pled nolo contendere to two counts of lewd or lascivious molestation of a victim less than twelve years of age, in violation of Florida Statutes § 800.04(5)(b). In exchange for his plea, the State agreed to dismiss a third count of capital sexual battery, which would have exposed Lamontagne to a mandatory life sentence.

As part of the plea agreement, Lamontagne also pled nolo contendere to 58 counts of possession of material depicting sexual conduct by a child, in violation of Florida Statutes § 827.071(5).[1] These 58 offenses were charged in a separate criminal indictment and arose from child pornography found on Lamontagne's computer during the child molestation investigation. The State and Lamontagne agreed to a sentence of 25 years imprisonment and 15 years of sex offender

---

[1] There were originally 62 counts of possession of child pornography, but the State agreed to drop four counts after Lamontagne's trial counsel met with the State prosecutor and reviewed all of the images.

probation on the § 800.04(5)(b) child molestation charges and to concurrent 5 year imprisonment terms on the § 827.071(5) child pornography charges.

According to the state trial court transcript, the State prosecutor provided these facts to establish the factual basis for Lamontagne's plea: (1) on the night of October 25, 2003, the six-year-old victim and her mother, who was dating Lamontagne at the time, spent the night at Lamontagne's residence; (2) twice during the night Lamontagne entered the victim's bedroom and had inappropriate sexual contact with her; (3) during one of Lamontagne's visits, he photographed the victim's vaginal area; (4) following Lamontagne's arrest, police found over 240 images of child pornography on the computer in Lamontagne's residence, which had resulted in the 58 counts of possession of child pornography; and (5) Lamontagne confessed to downloading some of the images of child pornography the day before the victim and her mother spent the night at his house.

The state trial court asked Lamontagne whether he objected to State's facts, and Lamontagne responded that he did not. The state trial court found there was a sufficient factual basis for the pleas and that Lamontagne's pleas were knowing and voluntary. The state trial court adjudged Lamontagne guilty of both offenses.

Lamontagne voluntarily dismissed his direct criminal appeal. Lamontagne is currently serving his sentences.

**B.     Rule 3.850 Motion for Post-conviction Relief**

In 2007, Lamontagne filed a motion for post conviction relief, pursuant to Florida Rule of Criminal Procedure 3.850, alleging, inter alia, that he pled guilty to the child molestation charges as a result of his trial counsel's ineffective assistance.  Lamontagne did not challenge his plea to the 58 counts of child pornography.

Specifically, Lamontagne alleged that his trial counsel erroneously advised Lamontagne that the child pornography found on Lamontagne's computer (1) was admissible in his child molestation trial as similar facts evidence, and (2) could not be excluded based on the State's failure to file the statutory ten-day prior written notice requirement because trial counsel had received actual notice.  Lamontagne claimed that the child pornography evidence was inadmissible in his child molestation case and, but for his trial counsel's erroneous advice, he would have proceeded to trial.

The state court summarily denied the Rule 3.850 motion, concluding that Lamontagne had not alleged facts sufficient to show trial counsel's deficient performance or resulting prejudice under Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052 (1984).  The state court noted, inter alia, that trial counsel received actual notice of the intent to use the child pornography evidence at trial and that

4

lack of formal notice "may be deemed harmless at trial where, as here, there was no showing of actual prejudice or unfair surprise."

## C.    Section 2254 Petition

In his § 2254 petition, Lamontagne again alleged that his trial counsel was ineffective for advising him that there was no possibility of excluding the child pornography evidence in his child molestation case.[2]  Lamontagne attached a copy of a January 2005 (i.e., post-plea) letter from his trial counsel.  In the letter, trial counsel stated that: (1) he inspected the "other evidence" that the government had intended to use at trial, which he described as "several hundred pornographic photographs depicting many children, some of whom were mere infants, engaged in various sexual acts with adult men"; and (2) he was given actual notice of the State's intent to use those photographs at trial in an email and verbally when he took the victim's deposition.[3]  Trial counsel explained that the fact that the government did not file a written notice of its intent within ten days of trial "does not mean that they are barred from using that evidence where I am otherwise on

---

[2]Lamontagne is not contending that trial counsel should have moved to suppress the child pornography photographs on the basis of a Fourth Amendment violation.  Rather, Lamontagne contends the photographs would not have been admissible as an evidentiary matter in his child molestation case if he had proceeded to trial.  Thus, for clarity, we refer to his counsel claim as one involving advice about the exclusion of evidence.

[3]Lamontagne's § 2254 petition alleges that this deposition occurred in March 2004.

notice of their intentions."

The district court denied Lamontagne's § 2254 petition. The district court concluded that Lamontagne had not alleged facts showing either deficient performance or prejudice, and thus Lamontagne had not shown that the state court's decision was either contrary to, or an unreasonable application of, Strickland.

We granted Lamontagne's request for a certificate of appealability on the issue of "[w]hether the district court erred in denying, without holding an evidentiary hearing, Lamontagne's claim alleging that his counsel furnished ineffective assistance in advising him that the state prosecutor could introduce similar fact evidence at trial."[4] We further instructed the parties, in considering this issue, to "consider the effect, if any, of the deference standard codified in 28 U.S.C. § 2254(d)."

## II. DISCUSSION

**A. AEDPA**

As amended by the Antiterrorism and Effective Death Penalty Act

---

[4]Generally, the decision whether to grant a habeas petitioner an evidentiary hearing rests in the discretion of the district court. Schriro v. Landrigan, 550 U.S. 465, 468, 127 S. Ct. 1933, 1937 (2007). We review the decision to grant or deny a § 2254 petitioner an evidentiary hearing for an abuse of discretion. Ferguson v. Sec'y for Dep't of Corrs., 580 F.3d 1183, 1194 (11th Cir. 2009), cert. denied, 130 S. Ct. 3360 (2010).

("AEDPA"), 28 U.S.C. § 2254(d) forbids a federal court from granting habeas relief on claims that were previously decided in state court, unless the state court decision was (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).[5]

## B. Ineffective Assistance Under Strickland

To establish constitutionally ineffective assistance, the defendant must show that (1) counsel's performance was deficient, and (2) the deficient performance prejudiced the defense. Strickland, 466 U.S. at 687, 104 S. Ct. at 2064.

Strickland's two-part test applies to challenges to guilty pleas based on ineffective assistance of counsel. United States v. Pease, 240 F.3d 938, 941 (11th Cir. 2001). To establish deficient performance, the petitioner must show his counsel's performance was objectively unreasonable in light of prevailing professional norms. Strickland, 466 U.S. at 687-88, 104 S. Ct. at 2064-65. To satisfy Strickland's prejudice prong, the petitioner must show "a reasonable

---

[5] We review de novo the district court's determination whether the state court acted contrary to clearly established federal law, unreasonably applied clearly established federal law or made an unreasonable determination of fact. Reed v. Sec'y, Fla. Dep't of Corrs., 593 F.3d 1217, 1239 (11th Cir.), cert. denied, 131 S. Ct. 177 (2010).

7

probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59, 106 S. Ct. 366, 370 (1985).

Our standard of review is "doubly deferential" when "a Strickland claim [is] evaluated under the § 2254(d)(1) standard." Knowles v. Mirzayance, ___ U.S. ___, 129 S. Ct. 1411, 1420 (2009). "The question is not whether a federal court believes the state court's determination under the Strickland standard was incorrect but whether that determination was unreasonable – a substantially higher threshold." Id. (quotation marks omitted).

## C.     Lamontagne's Claim

Here, Lamontagne has not shown that the state court's decision was contrary to, or an unreasonable application of, Strickland. Lamontagne's theory of his ineffective assistance claim rests on the assumption that he had a viable motion to exclude the child pornography found on his computer from being admissible in his child molestation case. Because this assumption is faulty, the state court correctly concluded that Lamontagne could not show either deficient performance or resulting prejudice.

Under Florida law, similar fact evidence of other crimes, referred to as Williams Rule evidence, "is admissible when relevant to prove a material fact in

8

issue" such as motive, intent, preparation or plan. Fla. Stat. § 90.404(2)(a). If the State intends to rely on Williams Rule evidence, it must give written notice to the defendant's counsel "no fewer than 10 days before trial," unless the evidence is to be "used for impeachment or on rebuttal." Id. § 404(2)(c)(1). However, the failure to provide such notice is subject to harmless error analysis and is not reversible error unless the defendant establishes actual prejudice or unfair surprise. Barbee v. State, 630 So. 2d 655, 655-56 (Fla. Dist. Ct. App. 1994) (rejecting defendant's argument that State must strictly comply with ten-day notice requirement and concluding trial court correctly held hearing to determine whether violation resulted in prejudice or harm to the defendant); State v. Paille, 601 So. 2d 1321, 1324 (Fla. Dist. Ct. App. 1992) (finding lack of notice harmless error where defendant knew of other crime evidence and possibility that State would introduce it at trial).

Evidence of other crimes that are "inextricably intertwined" with the charged offense is admissible as "a relevant and inseparable part of the act" that is necessary "to adequately describe the deed." Griffin v. State, 639 So. 2d 966, 968 (Fla. 1994). This evidence is not considered Williams Rule evidence and is not subject to the statutory ten-day notice requirement. Id.

The undisputed facts in the record show that: (1) the evidence of child

9

pornography was found on Lamontagne's computer; (2) Lamontagne confessed to downloading some of the child pornography the day before he committed the charged child molestation offenses; and (3) in fact, during the charged child molestation offenses, Lamontagne took photographs of the child victim's genitalia. At a minimum, the evidence of child pornography with young children on his computer at exactly the same time of his child molestation conduct involving a six-year-old victim was admissible similar fact evidence of other crimes under § 90.404(2)(a) as relevant to show Lamontagne's motive, intent and preparation. Therefore, a motion to exclude the evidence as inadmissible character evidence would almost certainly have failed.

Further, the record indisputably shows that: (1) the State gave Lamontagne's trial counsel actual notice of its intent to introduce the evidence at trial when trial counsel took the victim's deposition in March 2004; and (2) his trial counsel was given an opportunity to inspect the photographs before Lamontagne's May 2004 plea hearing. As such, Lamontagne could not have shown unfair surprise or prejudice to his trial preparation. Given the close time-frame and Lamontagne's own use of a camera during the charged offenses, it is arguable that possession of the images Lamontagne downloaded the night before he committed the charged offenses constituted inseparable other crimes not subject

10

to the ten-day notice requirement. Either way, the trial court would not have excluded the child pornography evidence for failure to comply with § 90.404(2)(c)'s ten-day notice requirement.

In sum, it is very unlikely a motion to exclude the child pornography evidence would have been successful. Therefore, under the Strickland standard, trial counsel's advice to Lamontagne during plea negotiations was reasonable and did not prejudice Lamontagne with respect to his decision to plead nolo contendere rather than proceed to trial. Given that the undisputed facts show that the state court did not act contrary to, or unreasonably apply, Strickland in rejecting Lamontagne's ineffective assistance of counsel claim, the district court did not abuse its discretion in denying Lamontagne's § 2254 petition without holding an evidentiary hearing. See Atwater v. Crosby, 451 F.3d 799, 812 (11th Cir. 2000) ("[A]n evidentiary hearing is not required unless [the petitioner] can demonstrate that his factual allegations, if proven, would indicate that the state courts acted contrary to, or unreasonably applied, clearly established law when they rejected his ineffective assistance of counsel claim.").[6]

**AFFIRMED.**

---

[6]Lamontagne claims we should not give the state court's summary decision AEDPA deference. However, even reviewing Lamontagne's ineffective assistance claim de novo, we would reach the same result.

11